# Sleeper *versus* Pennsylvania Railroad Co.

1. A person purchasing in another state where such sale is lawful, a railroad ticket from a dealer who is not an authorized agent of the company, may maintain an action in the courts of this state, for the refusal of the company to carry him between a point in the state where he bought the ticket, and a point within this state, in pursuance of the terms of said ticket.

2. The provisions of the Act of May 6th 1863, Pamph. L. 582, making it illegal for any person other than an agent of a railroad company to sell tickets, do not, in such case, preclude recovery.

[Sleeper *v.* Pennsylvania Railroad Co.]

April 6th 1882.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

. ERROR to the Court of Common Pleas No. 4, of *Philadelphia county :* Of January Term 1882, No. 86.

Case, by George W. Sleeper against the Pennsylvania Railroad Co., to recover damages for an illegal ejecting of plaintiff from defendant's train.

On the trial the plaintiff testified that on the morning of May 8th 1878 he took passage on the defendant's train from New York to Philadelphia and tendered to the conductor in payment of his fare a ticket which he had bought several months before at a place on Broadway, New York, not a regular agency of the company but a place where they advertised tickets at reduced rates.    He further testified that he paid for the ticket one dollar less than the current rates.    The conductor refused to receive the ticket, and upon plaintiff's refusing to pay the fare put him off the train at Elizabeth.    The present suit was then brought.    The court on motion of defendant awarded a nonsuit, which the court in banc subsequently declined to take off. Plaintiff thereupon took this writ, assigning for error the granting of the nonsuit and the refusal to take off the same.

*J. H. Shoemaker* (with whom was *George Robinson*), for plaintiff in error.—In New York there is no law against the sale of railroad tickets by others than agents of the company. The law of the place of the contract governs : Brown *v.* Camden & Atlantic R. R. Co., 2 Norris 316; Story on Conf. of Laws 242.

Contracts valid by the law of the place where they are made, are valid everywhere, by tacit consent, unless they are immoral or unjust, or contrary to the policy of the state in which they are sought to be enforced.    Story on Conf. of Laws, § 244; Whar. on Conf. of Laws, § 485, 486.

The contract in this case is not immoral, irreligious or unrighteous, and it would not be against the policy of the state to support this action.    It is submitted that a contract not to be universally enforced must be contrary to the natural principles of justice and of government, and not merely contrary to the policy of a statute of a state : Hadden *v.* Collector, 5 Wall. 107; Dwarris on Stat. 212; Kentucky *v.* Bassford, 6 Hill 526; McIntyre *v.* Parks, 3 Metc. 207; Hill *v.* Spear, 11 Am. L. Reg. N. S. 497; Smith *v.* Godfrey, 28 N. H. 384; Wharton on Conflict of Laws, § 485.

Our Act of Assembly makes the sale of the ticket alone unlawful and imposes a penalty on the seller only.    The purchaser violates no law :    Tracy *v.* Talmage, 14 N. Y. 173.

[Sleeper v. Pennsylvania Railroad Co.]

Railroad tickets are negotiable, any person holding them is entitled to ride: 2 Redfield on Railroads 374.

*Wayne MacVeagh*, for defendant in error—The contract must be presumed to have been made in Pennsylvania so far as the defendant company is concerned and certainly was to be performed in this state. The statute of this state has directly and positively stated the settled policy of the state. The court cannot lend its aid to enforce a contract grounded on an act which is in contravention of such settled policy: Thorne v. Traveler's Insurance Co., 30 P. F. S. 15.

Mr. Justice TRUNKEY delivered the opinion of the court, October 2d 1882.

The parties agree that this case presents a single question, whether a person purchasing a ticket over the Pennsylvania railroad from New York to Philadelphia, from a ticket dealer who is not an authorized agent of the company, can maintain an action in the courts of this state for the refusal of the company to carry him between these points in return for said ticket.

By the Act of May 6th 1863, P. L. 582, it is made the duty of every railroad company to provide each agent authorized to sell tickets entitling the holder to travel upon its road, with a certificate attested by the corporate seal and the signature of the officer whose name is signed to the tickets. And any person not possessed of such authority, who shall sell, barter or transfer, for any consideration, the whole or any part of a ticket, or other evidence of the holder's title to travel on any railroad, shall be deemed guilty of a misdemeanor, and shall be liable to be punished by fine and imprisonment. The purchasing and using a ticket from a person who has no authority to sell, is not made an offence.

That the plaintiff's ticket, on its face, entitled him to the rights of a passenger between the points named, is unquestioned. The only reason for denying him such right was that he bought from one who sold in violation of the statute in Pennsylvania. It is not said that the vendor in New York is actually guilty of the statutory offence, but that the defendant being a corporation in Pennsylvania, and the stipulated right of passage being partly in Pennsylvania, her courts will not enforce a contract resting upon acts which the legislature has declared criminal.

The presumption is that the ticket was properly issued by the company, and that the holder had the right to use it. Such tickets are evidence of the holder's title to travel on the railroad. Prior to the statute in Pennsylvania, it was lawful for holders to sell them.

[Chandler's Appeal.]

The property in them passes by delivery. The Act of 1863 confers no right upon a railroad company to question passengers as to when, or where, or how they procured their tickets, or to eject them from the cars upon suspicion that the tickets were sold to them by a person who was not an agent for the company. At common law, which is deemed in force in absence of evidence to the contrary, the contract made by the plaintiff in New York was valid. It was executed. No part remained to be performed. It vested in him the evidence of title to a passage over the railroad. His act had no savor of illegality or immorality. It was a mere purchase of the obligation of a common carrier, to carry the holder according to its terms. The defendant issued the obligation, received the consideration, and became liable for performance at the date of issue. As transferee, the plaintiff claimed performance. This is the contract which is the basis of the cause of action. It is purposely made so as to entitle the bona fide holder to performance, and for breach to an action in his own name. Let it be assumed that the defendant made the contract in Pennsylvania, it is quite as reasonable to assume that tickets for passengers coming from New York into Pennsylvania were sold in New York. But wherever the contract was made, it is true, as claimed by the defendant, "this action is to enforce not the contract between the ticket-scalper and the plaintiff in error, but between the defendant in error and the plaintiff in error."

The sale of the ticket to the plaintiff in New York was lawful. That being an executed contract, there is no question respecting its enforcement. Surely it is not an exception to the rule, that contracts, valid by the law of the place where they are made, are generally valid everywhere. Then, as the plaintiff has a valid title to the ticket, the contract between the defendant and himself is valid.

Judgment reversed and procedendo awarded.