Pennsylvania Railroad Co. *v.* Osborn, Appellant.

46

Argued April 19, 1932.

Before TREXLER, P. J., KELLER, GAW-
THROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER,
JJ.

*John Duggan, Jr.,* for appellant.

*Linn V. Phillips,* for appellee.

OPINION BY KELLER, J., July 14, 1932:
Three tickets were issued by the plaintiff railroad
company for passage from Uniontown, Pennsylvania,

to Butte, Montana, and return. They were used by the defendant, his wife and daughter. The correct fare, as per schedules duly filed was $150.59 for each ticket, or $451.77 in all. The amount charged and paid was only $92.58 for each ticket, or $277.74 for the three, an undercharge of $174.03. This action was brought to recover this amount, the railroad company being required by law to collect the proper scheduled fare.

The above facts were established by admissions in the pleadings. The defendant offered no testimony, claiming that the plaintiff's right of recovery against the defendant had not been proved. His only assignment of error is to the refusal of the court below to enter judgment in his favor non obstante veredicto, but as he presented no written point for binding instructions, he was not properly in a position to move for judgment non obstante veredicto: Leonard Co. v. Scranton Bottling Co., 90 Pa. Superior Ct. 360. As we shall see hereafter he was not, in any event, entitled, under the evidence in the case, to a directed verdict in his favor.

The facts averred in the affidavit of defense were not proved as matter of defense on the trial. Hence we are not now concerned with the allegations contained in it: Buehler v. U. S. Fashion Plate Co., 269 Pa. 428.

The provisions of the Transportation Act of Congress, (U. S. Code, Title 49, section 1(a); 1(2); 1(5); 1(7); 2; 3(3); 4; 6(7); 10; etc.), and the decisions construing it, in so far as they forbid discrimination in respect to the transportation of persons, refer to the "passenger", not to the purchaser of the ticket; while as respects the transportation of goods, they refer to the "shipper". "The duly filed tariff of the carrier must be charged by it and paid by the shipper or *passenger* without deviation therefrom": L. & N. R. Co. v. Maxwell, 237 U. S. 94. The important averment in the plaintiff's statement was that the defendant, his wife and daughter *used* the tickets for passage,

that is, were passengers by virtue of the tickets. The averments as to the *purchase* of the tickets were of no special importance beyond alleging the validity of their use of the tickets, and this might be presumed from their use, without more: Sleeper v. Penna. R. R. Co., 100 Pa. 259, 261. Beyond seeing that the law against the unlawful sale of. railroad tickets is observed, (See Act of May 6, 1863, P. L. 582; Com v. Keary, 14 Pa. Superior Ct. 583, affirmed 198 Pa. 500; Bitterman v. L. & N. Railroad Co., 207 U. S. 205), it is comparatively unimportant who purchases railroad tickets. This is constantly done by porters and agents at hotels, by friends and relatives. Whether such purchase will render the buyers liable to the railroad company, in case of an undercharge, is, in this case, not material. The passenger who uses the ticket is certainly liable; and where a man is traveling with his wife, we think the responsibility for the undercharge on the wife's ticket attaches to the husband; and where a daughter is traveling with her father and mother, without more appearing in the case, that a like responsibility for the undercharge on the daughter's ticket attaches to the father; that if it is alleged that the daughter is traveling as a passenger on her own responsibility, and not as a member of her father's family, it should be so averred and proved, and definite responsibility assumed by her, in order that the railroad company may be relieved of proceeding against the father, and the provisions of the law not be evaded or circumvented.

In light of the facts in evidence we find no error on the part of the court below in directing a verdict for the plaintiff and entering judgment upon it.

The assignment of error is overruled and the judgment is affirmed.