# Commonwealth v. Keary.

*Constitutional law—Act of May 6, 1863, P. L. 582—Railroads—Common carriers.*

The Act of May 6, 1863, P. L. 582, entitled, "An act to prevent fraud upon travelers," is constitutional. It in no way contravenes the bill of rights contained in the constitution of Pennsylvania, nor the fourteenth amendment of the constitution of the United States, nor the interstate commerce clause of the constitution of the United States.

Argued Jan. 29, 1901. Appeal, No. 4, Oct. T., 1900, by defendant, from judgment of the Superior Court of Pennsylvania, at No. 40, April Term, 1900, affirming the sentence and judgment of the Court of Quarter Sessions of Allegheny County, March T., 1899, No. 128, in case of Commonwealth v. Edward P. Keary. Before McCollum, C. J., Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Appeal from Superior Court.

From the record it appeared that the defendant was indicted under the act of May 6, 1863, for illegally selling railroad tickets. A motion to quash the indictment was overruled, the defendant pleaded not guilty and at the trial was convicted. A motion to arrest the judgment was overruled, and the court sentenced the defendant to pay $50.00 fine and costs of prosecution. The Superior Court sustained the judgment. See 14 Pa. Superior Ct. 583.

*Error assigned* was the judgment of the Superior Court.

*Josiah Cohen,* and *J. S. Ferguson,* with them *E. G. Ferguson,* for appellant.

*Clarence Burleigh,* with him *John C. Haymaker,* district attorney, for appellee.

Per Curiam, March 11, 1901:

It was contended by the defendant in the court of quarter sessions and in the Superior Court that the acts of assembly

under which the indictment was framed were in conflict with the provisions of the state and federal constitutions. His contention was defeated in each of the courts, and it is now before the Supreme Court on appeal. It is a noticeable fact that the act now assailed as unconstitutional and void, has stood in full force upon the statute books for nearly forty years, "and although frequently before the courts, during all this time, has yet to be stricken down, interfered with or declared illegal." "It must not be lost sight of that the attitude of courts is not one of hostility to acts whose constitutionality is attacked. On the contrary all the presumptions are in their favor, as courts are not to be astute in finding or sustaining objections: " Sugar Notch Borough, 192 Pa. 355. "We cannot try the constitutionality of a legislative act by the motives and designs of the lawmakers, however plainly expressed, if the act itself is within the scope of their authority, it must stand, and we are bound to make it stand if it will, upon any intendment. It is its effect, not its purpose which must determine its validity. Nothing but a clear violation of the constitution, a clear usurpation of a power prohibited, will justify the judicial department in pronouncing an act of the legislative department unconstitutional and void: " Pennsylvania Railroad Co. *v.* Riblet, 66 Pa. 164. In this connection we refer to Commonwealth v. Wilson, 14 Phila. 384, and to Powell v. Commonwealth, 114 Pa. 265. Other cases of like import might be cited, but it is not deemed necessary to refer to them herein. The quotations from the opinions in the cases first above mentioned plainly show the relations existing between the judicial and legislative departments of the government, and an occasional reference to them has a tendency to maintain those relations and to define the powers and duties of the parties in their respective departments. It is of the first importance that the parties clothed with powers and duties in the legislative, executive and judicial departments of the government should exercise the same within their respective spheres and not beyond them. It is in the observance of the distinctions between the several departments which enables the officials in them to exercise their authority and discharge their duties within the sphere to which they are restricted.

We have not been able to find in the acts of assembly so vigorously assailed by the defendant and his counsel, any provi-

sion in conflict with the constitution referred to, or any provi-
sion in either of said constitutions opposed to anything objec-
tionable in said acts of assembly. The whole subject was
carefully considered by the Superior Court, and the conclusions
arrived at were sustained in a satisfactory opinion by Judge
PORTER, which we unhesitatingly affirm.

Judgment affirmed.