## Commonwealth ex rel. Ohodnicki, Appellant, *v.* Pennsylvania Board of Parole.

Submitted May 25, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Richard Ohodnicki,* appellant, in propria persona.

*Frank P. Lawley, Jr.,* Deputy Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellee.

OPINION PER CURIAM, June 30, 1965:

Richard Ohodnicki, presently serving a sentence in the Western Correctional Diagnostic and Classification Center, filed in the court below a petition for writ of mandamus requiring the Pennsylvania Board of Parole to terminate his "original sentence" since, he averred, he had already served the maximum term imposed. The court found no merit to the petitioner's application for averments and denied the writ. He has appealed.

Ohodnicki was first sentenced on February 7, 1952 to a term of from two to ten years in the Allegheny County Workhouse on a charge of burglary, the sentence being retroactive to April 27, 1951, so that the minimum term expired April 27, 1953 and the maximum term would have expired April 27, 1961. He was released on parole on May 19, 1953. On September 23, 1953, he was tried on a charge of robbery and found not guilty. The board reinstated his parole under supervision but reparoled him on December 22, 1953.

On September 17, 1957, he was found guilty of the crime of malicious mischief and placed on one year's probation.

He was permitted to transfer to the State of California but on March 1, 1960 he escaped from the supervision of that State's authorities and was, in consequence, declared a delinquent. On April 2, 1961, he was arrested in Allegheny County on a charge of larceny and robbery and was found guilty and sentenced to five years probation on May 3, 1961. This time the

Board of Parole ordered his return to prison as a convicted parole violator.

On April 27, 1963, he was reparoled but on July 25, 1963 he was convicted of robbery, assault and battery and receiving stolen goods and sentenced to a term of from six months to two years in the Western Correctional Diagnostic and Classification Center, which sentence he is presently serving. The parole board computes that, because of the foregoing, Ohodnicki must serve 5 years 1 month and 10 days of his original sentence at the expiration of the sentence he is now serving.

The lower court, in dismissing the petition for the writ of mandamus, said that the board's computation is "mathematically correct," and added that this fact "extends the effective date of the original maximum sentence for a like period." The court said further: "The petitioner argues that the Parole Board, as an administrative body, is without power to extend expiration date of his original maximum term. It is the Legislature and not the Parole Board that has extended the maximum expiration date of his original sentence. The Act of August 6, 1941, P. L. 861 provides that, where a parolee commits a crime punishable by imprisonment and is recommitted as a parole violator, he shall not be given any credit for the time at liberty on parole. The Act also provides that where a parolee from a county Penal Institution is convicted of a crime while on parole and sentenced to a state penal institution under the jurisdiction of the Department of Justice, that sentence has precedent over the original sentence. It follows, therefore, that his present incarceration is under the sentence imposed for the crime committed while on parole."

It is thus clear that the parole board has not, as contended by the petitioner, unlawfully extended the term of his maximum sentence, but has merely with-

drawn from the petitioner credit for the time he was at liberty on parole, which the board has the express authority to do under the Act of August 6, 1941, P. L. 861. As stated by the Superior Court in *Commonwealth ex rel. Spader v. Myers*, 196 Pa. Superior Ct. 23: "Relator-appellant contends that the Parole Board usurped judicial power in that it unlawfully extended the expiration date of appellant's maximum term from December 30, 1980 to December 14, 1985. However, it is clearly settled that, where a paroled convict during his parole commits a crime punishable by imprisonment, he is required to serve the remainder of the term which he would have been compelled to serve but for the parole, and the resulting extension of the expiration date of the maximum term of his original sentence does not constitute a change in such sentence. [citing cases]"

The petitioner was properly committed to the State correctional institution for service of the new term of sentence prior to service of the original sentence in the Allegheny County Workhouse: *Commonwealth ex rel. Smith v. Hendrick*, 196 Pa. Superior Ct. 289 and cases therein cited.

The petitioner's contention that the Parole Board Act of August 6, 1941, P. L. 861, 61 P.S. §331.1 et seq., is unconstitutional is without merit. *Commonwealth ex rel. Banks v. Cain*, 345 Pa. 581.

Order affirmed.