409 A.2d 843

**Jose C. YOUNG, Appellant,**

v.

**COMMONWEALTH of Pennsylvania BOARD OF PROBATION AND PAROLE.**

Supreme Court of Pennsylvania.

Submitted Oct. 9, 1979.

Decided Dec. 21, 1979.

James T. Huber, Allentown, Public Defender's Office, Lehigh County, for appellant.

Robert A. Greevy, Asst. Atty. Gen., Bd. of Probation & Parole, Dauphin County, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION

NIX, Justice.

This is an appeal from an order of the Commonwealth Court sustaining preliminary objections, in the nature of a demurrer and dismissing appellant's complaint. For the reasons that follow we now affirm the order of the court below.

Appellant, Jose C. Young, filed a complaint in mandamus against the Pennsylvania Board of Probation and Parole (Board) asserting an unlawful recomputation of a prison sentence that appellant was required to serve. Accepting as true the well pleaded averments of the complaint,[1] appellant

---

1. The standard of review we must employ in determining the propriety of the lower court's sustaining of the preliminary objections was recently set forth by this Court in *Sinn v. Burd*, 486 Pa. 146, ——, 404 A.2d 672, 673–74 (1979):

It is axiomatic in the law of pleading that preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material, factual averments and all inferences fairly deducible

was originally sentenced on June 29, 1971 to six years confinement at the Camp Hill Correctional Institution. The six year period would have expired June 29, 1977. During the term of that sentence, appellant was released on parole. While in a parole status appellant was arrested and convicted of a new offense for which he received a sentence of six months to three years also to be served at a state correctional institution. Thereafter the Board conducted a parole violation hearing and, pursuant to the Act of August 6, 1941, P.L. 861, § 21.1, added 1951, August 24, P.L. 1401, § 5, as amended 1957, June 28, P.L. 429, § 1; 61 P.S. § 331.21a, recommitted appellant for the balance of the original sentence without giving credit for the period appellant was at liberty on parole ("street time"). Appellant concedes that section 21.1(a) provides for such a result but argues that it is in conflict with Article 5, section 1 of the Constitution of Pennsylvania.[2]

> therefrom. *Yania v. Bigan*, 397 Pa. 316, 155 A.2d 343 (1959); *Byers v. Ward*, 368 Pa. 416, 84 A.2d 307 (1951). Conclusions of law and unjustified inferences are not admitted by the pleading. *Lerman v. Ruduolph*, 413 Pa. 555, 198 A.2d 532 (1964). Starting from this point of reference the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to the relief sought. If such is the case, the demurrer may not be sustained. On the other hand, where the complaint fails to set forth a cause of action, a preliminary objection in the nature of a demurrer is properly sustained.

> **2.** Section 21.1(a) provides in pertinent part:
> (a) Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole. The board may, in its discretion, reparole whenever, in its opinion, the best interests of the prisoner justify or require his release on parole and it does not appear that the interests of the Commonwealth will be injured thereby. The period of time for which the parole violator is required to serve shall be computed from and begin on the date that he is taken into custody to be returned to the institution as a parole violator.

Since we are called upon to consider a constitutional challenge to a legislative enactment there are certain guidelines that must govern our review.

We note at the outset that it is a fundamental principle in our conception of judicial authority that courts are not to inquire into the wisdom, reason or expediency behind a legislative enactment. *Commonwealth v. Moir*, 199 Pa. 534, 49 A. 351 (1901). Nor are the motives of the legislators in passing the act open to judicial consideration. *Commonwealth v. Keary*, 198 Pa. 500, 48 A. 472 (1901). Our inquiry in such cases can only be directed to the manner in which the legislature effectuates its will, to insure that the enactment does not transgress some specific constitutional prohibition.

The standards to be applied in making this determination are equally well settled. It is axiomatic that a legislative enactment is presumed to be constitutional.

"There is, of course, a strong presumption in favor of the constitutionality of statutes—a presumption which reflects on the part of the judiciary the respect due to the legislature as a co-equal branch of government." (footnotes omitted) *School Districts of Deer Lakes and Allegheny Valley v. Kane*, 463 Pa. 554, 562, 345 A.2d 658, 662 (1975).

Accordingly, the burden rests on those alleging unconstitutionality to show that an enactment "clearly, palpably and plainly" violates the constitution. *Tosto v. Pennsylvania Nursing Home Agency*, 460 Pa. 1, 331 A.2d 198 (1975); *Daly v. Hemphill*, 411 Pa. 263, 191 A.2d 835 (1963); *Rubin v. Bailey*, 398 Pa. 271, 157 A.2d 822 (1960); *Clark v. Meade*, 377 Pa. 150, 104 A.2d 465 (1954); *Lighton v. Abington Township*, 336 Pa. 345, 9 A.2d 609 (1939); *Sharpless v. Mayor of Philadelphia*, 21 Pa. 147 (1853).

*Commonwealth v. Sutley*, 474 Pa. 256, 260–61, 378 A.2d 780, 782 (1977).

Appellant prefaces his argument by acknowledging that this Court has on previous occasions rejected various constitutional challenges to section 21.1(a). *See, e. g., Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 314 A.2d 842 (1973); *Commonwealth ex rel. Thomas v. Myers,* 419 Pa. 577, 215 A.2d 617 (1966); *Commonwealth ex rel. Sparks v. Russell,* 403 Pa. 320, 169 A.2d 884 (1961).[3] In passing appellant suggests, without further explication, that these cases may have been wrongly decided and should be reexamined. More specifically, appellant charges that the Board's statutorily established right to extend a parolee's maximum sentence is violative of the judiciary's constitutionally established sentencing power.

Appellant's reason for questioning the continuing validity of our previous decisions in this area is obvious. Although appellant offers the instant challenge as a novel issue, these prior decisions undercut the basic premise of appellant's argument, as our discussion of the question will illustrate.

Article 5, section 1 provides that the "judicial power of the Commonwealth shall be vested in a unified judicial system . . . ." The sentencing power is a well recognized facet of the judicial power. *Commonwealth v. Sutley, supra; Commonwealth ex rel. Banks v. Cain,* 345 Pa. 581, 28 A.2d 897 (1942).

> The whole judicial power of the Commonwealth is vested in courts. Not a fragment of it belongs to the legislature. The trial, conviction, and sentencing of criminals are judicial duties, and the duration or period of the sentence is an essential part of a judicial judgment in a criminal record. *Commonwealth ex rel. Johnson v. Halloway,* 42 Pa. 446, 448 (1862).

Lastly, the doctrine of the separation of governmental powers has been inherent in the structure of the government of

---

**3.** The federal courts have also consistently rejected similar constitutional challenges to section 331.21a. *See, e. g., U. S. ex rel. Lawson v. Covell,* 425 F.2d 1350 (3rd Cir. 1970); *U. S. ex rel. Harbaugh v. Commonwealth of Penna.,* 267 F.Supp. 948 (W.D.Pa.1967); *U. S. ex rel. Heacock v. Myers,* 251 F.Supp. 773 (E.D.Pa.1966); *U. S. ex rel. Kloiber v. Myers,* 237 F.Supp. 682 (E.D.Pa.1965); *U. S. ex rel. Horne v. Penna. Board of Parole,* 234 F.Supp. 368 (E.D.Pa.1964).

this Commonwealth since its inception. *Commonwealth v. Sutley, supra.* From these fundamental principles, appellant argues that section 21.1(a) permits the Board to encroach upon the court's sentencing power thus causing a prohibited infringement upon the power of the judicial branch by the executive branch of government.

Appellant reasons that the denial of credit for time served on parole upon recommitment for the commission of a subsequent offense represents an increase of the judicially mandated sentence. Since it is the prerogative of the court to impose sentence, an extension of the maximum sentence, by the executive branch, would constitute a violation of the doctrine of the separation of powers.[4] The crux of this argument is dependent upon whether section 21.1(a) in fact permits the Board to extend the maximum sentence imposed by the court.[5]

In support of the premise that the denial of credit amounts to an extention of the maximum, appellant points

4. "The Board of Parole, . . . , cannot discharge a convict from parole before the expiration of the maximum term from which he has been sentenced, nor, on the other hand, extend the period of parole beyond that time." *Com. ex rel. Banks v. Cain, supra,* 345 Pa. at 589, 28 A.2d at 901.

5. This Court answered this precise question adversely to appellant in *Commonwealth ex rel. Ohodnicki v. Penna. Board of Parole,* 418 Pa. 316, 211 A.2d 433 (1965). There we stated:

The petitioner argues that the Parole Board, as an Administrative body, is without power to extend expiration date of his original maximum term. *It is the Legislature and not the Parole Board that has extended the maximum, [expiration] date of his original sentence. . . .*

It is thus clear that the Parole Board has not, as contended by the petitioner, unlawfully extended the term of his maximum sentence, but has merely withdrawn from the petitioner credit for the time he was at liberty on parole, . . . . (Emphasis added). Id., 418 Pa. at 318–19, 211 A.2d at 434–35.

From our decision in *Ohodnicki,* supra, it is clear that if there was an encroachment upon the judicial power, it was not an encroachment by the executive branch, as appellant contends, but rather by the legislative branch. However, it is our view that section 21.1(a) does not constitute an impermissible infringement upon the judicial power by any source.

to the fact that the sentence would have initially expired on June 29, 1977 and after recommitment the expiration of the sentence was set at November 6, 1979.[6] It is argued that the result of the adjustment permits the state to gain an additional two years of custody over the appellant. The fallacy of appellant's position is the attempt to equate time served on parole with time served in an institution. "Mere lapse of time without imprisonment . . . does not constitute service of sentence. . . ." *Anderson v. Corall*, 263 U.S. 193, 196, 44 S.Ct. 43, 44, 68 L.Ed. 247 (1923). To attempt to equate a parole status with that of custody is to ignore reality. "[T]he liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty . . ." *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S.Ct. 2593, 2601, 33 L.Ed.2d 484 (1972). *In ex rel. Banks v. Cain, supra*, we distinguished between the judicial power to impose sentence pursuant to existent law and the General Assembly's power to establish penological measures to effectuate a rehabilitation of the offender during the period of custody which has been judicially mandated.

A parole, . . ., does not obliterate the crime or forgive the offender. It is not an act of clemency, but a penological measure for the disciplinary treatment of prisoners who seem capable of rehabilitation outside of prison walls. *It does not set aside or affect the sentence, . . .* [Emphasis added]. *Com. ex rel. Banks v. Cain, supra*, 345 Pa. at 585, 28 A.2d 899.

The U. S. Supreme Court in *Morrissey v. Brewer, supra*, made the following observations pertinent to our inquiry as to the purposes of parole:

During the past 60 years, the practice of releasing prisoners on parole before the end of their sentences had become an integral part of the penological system. [Citations

---

**6.** Although appellant's original sentence will have expired prior to the filing of the present opinion, the case is not rendered moot because appellant still must serve the sentence imposed on the crime committed while on parole. Thus, if this Court determines that his "street time" should be credited as time served under his first sentence, then the time presently being served by appellant should be credited to the sentence imposed for the subsequent offense.

omitted]. Rather than being an ad hoc exercise of clemency, parole is an established variation on imprisonment of convicted criminals. Its purpose is to help individuals reintegrate into society as constructive individuals as soon as they are able, without being confined for the full terms of the sentence imposed. It also serves to alleviate the cost to society of keeping an individual in prison. [Footnote omitted]. *The essence of parole is released from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence.* [Emphasis added]. *Id.* 408 U.S. at 477, 92 S.Ct. at 2598.

The effectiveness of parole as a penological device to assist in the reintegration of the offender into society as a useful member is dependent upon the state's power to impose reasonable conditions upon the offender who serves in that status.[7] This Court and the courts in the federal system have recognized that statutes denying credit on sentence for time spent on parole, where the offender has committed and has been convicted of an offense while serving in the parole status, represents a reasonable exercise of the penological responsibility and does not offend the constitutional guarantees to the citizens of the state and this nation.[8]

**7.** A state must have an adequate sanction in the event that parolees violate the conditions of their release. *McGill v. Schubin,* 475 F.2d 1257 (2d Cir., 1973).

**8.** In reaching this conclusion, these decisions, at least implicitly, have rejected the concept that the denial of credit for "street time" represented an enhancement of the sentence originally imposed. *See, e. g., Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 19, 314 A.2d 842, 847 (1973) (rejecting claimed violations of constitutional protections against double jeopardy and bills of attainder); *Commonwealth ex rel. Thomas v. Myers,* 419 Pa. 577, 581, 215 A.2d 617 (1966) (rejecting claimed violations of due process, equal protection, double jeopardy, or bill of attainder protections), *overruled on other grounds, Commonwealth ex rel. Rambeau v. Rundle, supra; Gaito v. Penna. Board of Probation and Parole,* 38 Pa.Cmwlth. 199, 203–4, 392 A.2d 343, 345 (1978) (rejecting claims of bill of attainder, double jeopardy, due process, and equal protection); *Commonwealth ex rel. Wright v. Maroney,* 201 Pa.Super.Ct. 118, 122–23, 191 A.2d 866 (1963) (rejecting claims that this section is an ex post facto law and

Certainly a state is not precluded by the Federal Constitution from giving paroled convicts an added inducement to "go straight" by retaining the ability to recommit them for crimes they commit while on parole. See *Zerbst v. Kidwell*, 304 U.S. 359, 363, 58 S.Ct. 872, 82 L.Ed. 1399 (1938). No constitutional question is involved in the Parole Board's failure to give relator credit for time on parole and its adjustment of the expiration date of his new maximum. *Miller v. Gladden*, 228 F.Supp. 802 (D.Or. 1964), aff'd, 341 F.2d 972 (C.A.9, 1965); *Woods v. Steiner*, 207 F.Supp. 945 (D.Md.1962). See also *United States ex rel. Kloiber v. Myers*, 237 F.Supp. 682 (E.D.Pa.1965); *United States ex rel. Horne v. Pennsylvania Bd. of Parole*, 234 F.Supp. 368 (E.D.Pa.1964).

*U. S. ex rel. Heacock v. Myers*, 251 F.Supp. 733, 774 (E.D.1966).

The same reasoning that forces the conclusion that a denial of credit does not constitute an enhancement of a sentence so as to raise federal constitutional implications also supports the proposition that it does not effect the sentence in such a manner as would be offensive to the doctrine of separation of powers. The position urged by appellant, if accepted, would produce an absurd result. While accepting parole as a legitimate penological method, it would prohibit the imposition of conditions upon which its effectiveness depends.

There is no doubt that the Board can recommit and recompute the sentence of a parolee who commits a crime while on parole but is not convicted until after his original sentence would have expired. (Citations omitted). Plain-

therefore unconstitutional); *Commonwealth ex rel. Miller v. Myers*, 189 Pa.Super. 163, 166, 149 A.2d 507 (1959) (same); *United States ex rel. Heacock v. Myers*, 251 F.Supp. 773, 774 (E.D.Pa.) (rejecting claimed violations of due process, equal protection, double jeopardy or bill of attainder protections), *aff'd. per curiam*, 367 F.2d 583 (3d Cir. 1966), *cert. denied*, 386 U.S. 925, 87 S.Ct. 900, 17 L.Ed.2d 797 (1967); *United States ex rel. Kloiber v. Myers*, 237 F.Supp. 682, 683–84 (E.D.Pa.1965) (rejecting claimed violations of bill of attainder, ex post facto law, due process, equal protection, or double jeopardy protections).

tiff desires to profit from the fact that he absconded and was delinquent on the date of expiration of his original sentence, . . . . There is no reason why a delinquent parolee should so profit, and we reject plaintiff's arguments.

*Kuykendall v. Penna. Bd. of Probation and Parole,* 26 Pa.Cmwlth. 234, 237, 363 A.2d 866, 868 (1976).

To allow a delinquent parolee to have the benefit of "street time" during which he ignored the conditions of his parole would render parole impotent as a corrective device and would in fact lessen the judicially mandated period of custody. Thus appellant's position would create the very evil that he claims exists.

Moreover, appellant's argument in support of his view is specious. To contend that an enhancement of the sentence is created because parole is another form of custody, ignores the fact that the denial of credit is based upon appellant's failure to comply with the restraints during the parole period. Certainly, if there is compliance with the terms of parole, appellant's time spent in that status satisfies the prison commitment. It is only where he has ignored the restraints, which appellant argues must be considered as a form of custody, that he can be recommitted without regard to the time spent in the parole status.

For the foregoing reasons, we are satisfied that the Parole Board's power to deny credit for "street time" as provided under section 21.1(a) is not an encroachment upon the judicial sentencing power. Thus, the instant objection of Mr. Young must be rejected. Since the Parole Board has acted in accordance with a constitutional legislative provision, the Commonwealth Court was correct in determining that appellant's complaint failed to state a cause of action.

The order of the Commonwealth Court sustaining the preliminary objections and dismissing appellant's complaint is affirmed.

MANDERINO, J., did not participate in the consideration or decision in this case.