IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shaun Edwards,                                    :
                    Petitioner                    :
                                                  :     No. 1625 C.D. 2014
            v.                                     :
                                                  :     Submitted:  January 15, 2016
Pennsylvania Board of Probation                   :
and Parole,                                        :
                    Respondent                     :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                               FILED:  May 25, 2016


            Shaun Edwards (Petitioner) petitions for review of the August 20, 2014
order of the Pennsylvania Board of Probation and Parole (Board), affirming its April
7, 2014 decision to recommit Petitioner for the remaining term of his unexpired
sentence without awarding him credit for the time he spent at liberty on parole.


**Facts and Procedural History**

            Petitioner is an inmate currently incarcerated at the State Correctional
Institution at Graterford (SCI-Graterford).  On January 17, 2002, Petitioner was
sentenced to four to eight years' imprisonment for the manufacture, sale, delivery, or

possession of a controlled substance with intent to deliver (PWID).[1]  Petitioner's minimum sentence expiration date was January 17, 2006, and his maximum sentence expiration date was January 17, 2010.  (Certified Record (C.R.) at 1-2.)

Petitioner was most recently released to parole on November 16, 2009. Before his release, Petitioner signed conditions governing his parole, advising that, "[i]f you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole."  (C.R. at 18.)

On December 11, 2009, the Board declared Petitioner delinquent while he was on parole.  On May 4, 2010, Petitioner was arrested by the United States Marshal Service and charged with multiple counts of conspiracy, bank fraud, aggravated identity theft, and aiding and abetting.[2]  The following day, the Board issued a warrant to commit and detain Petitioner.  On December 2, 2011, Petitioner was convicted and subsequently sentenced to fifty-one months' incarceration on the federal charges.  On January 15, 2014, Petitioner completed his federal prison sentence and was returned to SCI-Graterford.  (C.R. at 21-26, 33-50.)

On January 31, 2014, Petitioner was provided with a notice of charges and hearing relating to the revocation of his parole.  The same day, Petitioner waived his right to a hearing, and his right to counsel at that hearing, and admitted that he had been convicted of bank fraud, aggravated identity theft, and aiding and abetting.  By

---

[1] *See* Section 13(a)(30) of The Controlled Substance, Drug, Device, and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §780-113(a)(30).

[2] *See* 18 U.S.C. §371 (conspiracy); 18 U.S.C. §1344 (bank fraud); 18 U.S.C. §§1028A(a)(1), (c)(5) (aggravated identity theft); 18 U.S.C. §2 (principals).

order recorded April 7, 2014, the Board recommitted Petitioner as a technical parole violator and a convicted parole violator (CPV) to serve his unexpired term of two years, six months, and six days and did not award him credit for time spent at liberty on parole. The Board also recalculated Petitioner's maximum sentence expiration to July 24, 2016. (C.R. at 51-62, 67-68.)

On April 25, 2014, Petitioner filed a *pro se* administrative appeal with the Board, arguing that the recommitment term the Board imposed was beyond the guideline range for his offenses. Specifically, Petitioner checked the box marked "Recommitment Challenge (Time/term given by Board, automatic reparole, return to custody, etc.)" and asserted that:

> I was recommitted to serve the unexpired term of 2 yrs [sic], 6 months, 6 days. Violation time for a "CPV" for bad checks is 6-12 months. I am not a violent offender nor do [I] have a violent record. The decision that was made was a [harsh] one and way out of the guideline range for my violation. I ask and pray for a[n] administrative review.

(C.R. at 69.)

On August 20, 2014, the Board affirmed its decision to recommit Petitioner to serve his unexpired term of two years, six months, and six days. It reasoned that, pursuant to 37 Pa. Code §§75.1-75.2, the presumptive recommitment range for his offenses were: six to twelve months for bank fraud; six to twelve months for each aggravated identity theft offense (eight counts); and six to twelve months for each aiding and abetting offense (nine counts). The Board reasoned that Petitioner's maximum recommitment term was 216 months and, accordingly, the recommitment term it issued was within the presumptive range and not subject to challenge. Moreover, the Board stated that:

3

To the extent you are requesting that the Board grant you credit for time at liberty on parole, your request cannot be accepted. The decision on whether to grant or deny a convicted parole violator credit for time at liberty on parole is purely a matter of discretion. The Prisons and Parole Code [Parole Code] authorizes the Board to grant or deny credit for time at liberty on parole for certain criminal offenses. 61 Pa. C.S. § 6138(a)(2.1). The fact that the Board chose to deny you this credit is not subject to appeal.

(C.R. at 75.)

On appeal to this Court,[3] Petitioner argues that: the Board's exercise of discretion to deny a CPV credit for time spent at liberty while on parole is subject to judicial review; due process requires the Board to provide its reasons for denying a CPV credit for time spent at liberty on parole; and Petitioner is entitled to credit for the time he spent in pre-sentence confinement awaiting trial and sentencing for his federal charges.

Conversely, the Board argues that Petitioner waived the issue whether he is entitled to credit for time spent in pre-sentence confinement because he failed to raise it in his administrative appeal.[4] The Board also argues that it did not abuse its discretion when it did not explain its reasons for denying Petitioner credit for time spent at liberty on parole because the Parole Code's express language does not require it to do so.

---

[3] In reviewing a recommitment decision, this Court's review is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether the decision is in accordance with the law, and whether the Board violated any of the parolee's constitutional rights. *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1093 n.1 (Pa. Cmwlth. 2013).

[4] The Board acknowledges that, if this Court determines that Petitioner did not waive his argument regarding credit for time spent in pre-sentencing confinement, then a remand is warranted to determine whether any credit is due for the time he spent confined from May 4, 2010, to November 13, 2012.

4

## Discussion

Initially, we address whether the Board's decision to deny Petitioner credit for time spent at liberty on parole is subject to judicial review. In our recent decision in *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604, 608 (Pa. Cmwlth. 2016) (en banc), *appeal granted*, ___ A.3d ___ (Pa., No. 56 MAP 2016, filed May 23, 2016), we addressed this precise issue and determined that this Court possesses jurisdiction to review a challenge to the Board's denial of credit for time spent at liberty on parole pursuant to section 763 of the Judicial Code.[5] Accordingly, we are authorized to address the arguments that Petitioner raises in this appeal.

Petitioner argues that due process requires that the Board explain its reasons for denying credit for time spent at liberty on parole. Specifically, Petitioner relies on *Morrissey v. Brewer*, 408 U.S. 471 (1972), for support. Petitioner notes that *Morrissey* mandates that the minimum due process requirements for a parole revocation include a written statement by the factfinders as to the evidence relied on and the reasons for revoking parole. *Id.* at 489. Petitioner argues that the Board's decision to deny a CPV sentence credit for time spent at liberty on parole is "part and parcel of the parole revocation process" and, accordingly, its decision is subject to the same due process requirements articulated in *Morrissey*. (Petitioner's brief at 18.)

To determine whether a due process violation has occurred, "a determination must initially be made that a protected liberty interest exists and, if so, what process is due." *Chem v. Horn*, 725 A.2d 226, 229 (Pa. Cmwlth. 1999). A state may create a protected liberty interest if it places "substantive limitations on official discretion." *Story v. Morgan*, 786 F. Supp. 523, 525 (W.D. Pa. 1992). In that case,

---

[5] 42 Pa.C.S. §763 (direct appeals from government agencies).

5

an inmate must show that "particularized standards or criteria guide the State's decisionmakers." *Id.* However, "the state does not create a constitutionally protected liberty interest if the state decisionmaker is not 'required to base its decisions on objective and defined criteria,' but instead 'can deny the requested relief for any constitutionally permissible reason or for no reason at all.'" *Id.*

The determination whether to award credit for time spent at liberty on parole pursuant to section 6138(a)(2.1) is purely discretionary and distinct from the determination whether to revoke parole. Accordingly, each determination implicates different liberty interests and different standards of due process protection.

Section 6138(a) of the Parole Code provides as follows:

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97

6

> Subch. H[42 Pa.C.S. §9791 et seq.] (relating to registration of sexual offenders).
>
> (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa.C.S. §6138(a)(1)-(2.1).

Initially, we note that Petitioner is not challenging the revocation of his parole; rather, he is challenging the Board's decision not to award him credit for time spent at liberty on parole pursuant to section 6138(a)(2.1) of the Parole Code. Contrary to Petitioner's assertion, the Board's decision to calculate a parolee's recommitment sentence is not "part and parcel of the revocation process." The determination whether to revoke a parolee's parole and order recommitment is a threshold inquiry. 61 Pa.C.S. §6137(a)(2) ("Parole shall be subject in every instance to the Commonwealth's right to immediately retake and hold in custody without further proceedings any parolee charged after his parole with an additional offense until a determination can be made whether to continue his parole status."); *see also* 61 Pa.C.S. §§6138(a)(1). Once the determination to revoke parole is made and recommitment is ordered, the Board may, in its discretion, award credit for time spent at liberty on parole. 61 Pa.C.S. §6137(h); 61 Pa.C.S. §§6138(a)(1), (2.1). These distinct determinations do not implicate the same liberty interests and, therefore, are not afforded the same constitutional protections.

We distinguish *Morrissey* as the Supreme Court of the United States recognized a cognizable and constitutionally protected interest in the conditional liberty offered by parole when an inmate challenged the revocation of parole. Here, Petitioner's parole has already been revoked and he is challenging the Board's failure to award him credit under section 6138(a)(2.1) of the Parole Code. Section 6138(a)(2.1) of the Parole Code is a purely discretionary mechanism the Board uses

7

to calculate an inmate's recommitment term and does not require the Board to base its decision on objective and defined criteria. The prospect of a discretionary award of credit for time spent at liberty on parole does not create a cognizable liberty interest sufficient to trigger due process protections. *See also Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 847-48 (Pa. 1979); *Pittman*, 131 A.3d at 616 n.12. Notably, Petitioner waived his right to a revocation hearing and admitted that he was convicted of the federal offenses of bank fraud, aggravated identity theft, and aiding and abetting. (C.R. at 59-62.) Accordingly, Petitioner's argument that the Board's decision to deny a CPV sentence credit for time spent at liberty while on parole is "part and parcel of the parole revocation process" is unpersuasive. Whether parole is revoked is separate from the Board's decision whether to award credit for time spent at liberty on parole. *See also Pittman*, 131 A.3d at 609 ("Hence, the Board's exercise of discretion under section 6138(a) of the Parole Code is two-fold. First, the Board must determine whether to recommit a parole violator. Second, when recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term, but the Board may, in its discretion, award the parolee credit.").

Finally, Petitioner argues that he is entitled to credit against his sentence for the time that he spent in confinement awaiting sentencing on his federal charges pursuant to section 6138(a)(5.1) of the Parole Code, 61 Pa.C.S. §6138(a)(5.1). Conversely, the Board argues that Petitioner waived this argument because it was not raised during his administrative appeal.

Section 703(a) of the Administrative Agency Law states that a party "may not raise upon appeal any other question not raised before the agency." 2 Pa.C.S. §703(a). Similarly, Pennsylvania Rule of Appellate Procedure 1551(a) states that "[n]o question shall be heard or considered by the court which was not raised

8

before the government unit." Pa. R.A.P. 1551(a). Hence, an issue not raised before the Board will not be considered by this Court on appeal. *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993), *petition for allowance of appeal denied*, 644 A.2d 739 (Pa. 1994).

Here, in his administrative appeal before the Board, Petitioner checked the box marked "Recommitment Challenge (Time/term given by Board, automatic reparole, return to custody, etc.)" and explained that:

> I was recommitted to serve the unexpired term of 2 yrs [sic], 6 months, 6 days. Violation time for a 'CPV' for bad checks is 6-12 months. I am not a violent offender nor do [I] have a violent record. The decision that was made was a [harsh] one and way out of the guideline range for my violation. I ask and pray for a[n] administrative review.[6]

(C.R. at 69.)

Petitioner submitted with his administrative appeal a copy of the Board's warrant requesting that he be returned to its jurisdiction after his release from custody, a letter from the Board indicating that Petitioner may lose credit for his "street time"[7] based on the date his warrant was issued, and his response to the Board's letter acknowledging that he may lose credit for his street time. Notably absent from Petitioner's administrative appeal is any claim that he is entitled to sentence credit for time spent in pre-sentence confinement awaiting trial and

---

[6] Although there are marks in the boxes labeled "Sentence Credit Challenge" and "Reparole Eligibility Date," they are much different than the checkmark Petitioner used to indicate his "Recommitment Challenge." Rather, the marks appear to be a result of the photocopying process. Moreover, there is nothing in the "Explanation" section of the administrative form notwithstanding its instruction to "Check the Reason(s) for Relief and *Explain*" and Petitioner's written explanation in the space provided for a recommitment challenge. (C.R. at 69) (emphasis in original).

[7] Time spent at liberty on parole is commonly referred to as "street time."

sentencing for his federal charges.  Therefore, because Petitioner failed to raise the issue in his administrative appeal, the issue is waived for purposes of this Court's review. *McCaskill*, 631 A.2d at 1094-95.

Accordingly, the Board's order is affirmed.


_____
PATRICIA A. McCULLOUGH, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shaun Edwards,  :
           Petitioner  :
             :   No. 1625 C.D. 2014
          v.  :
             :
Pennsylvania Board of Probation  :
and Parole,  :
           Respondent  :

## ***ORDER***

AND NOW, this 25th day of May, 2016, the August 20, 2014 order of the Pennsylvania Board of Probation and Parole is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge