IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ignatio Cartegena,              :
           Petitioner      :
                               :    No. 418 C.D. 2016
         v.                  :
                               :    Submitted:  August 19, 2016
Pennsylvania Board of     :
Probation and Parole,      :
            Respondent   :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                      FILED:  January 12, 2017

Ignatio Cartegena (Petitioner) petitions for review of the February 11, 2016, and April 27, 2016 decisions of the Pennsylvania Board of Probation and Parole (Board) affirming its prior determinations to reinstate Petitioner as a convicted parole violator (CPV), serve back time, and modify his maximum sentence date.

**Facts and Procedural History**

Petitioner is an inmate currently incarcerated at the State Correctional Institution at Fayette.  On or about May 21, 2002, Petitioner was sentenced to ten to thirty years' confinement for third degree murder.  Petitioner's respective minimum and maximum release dates were March 20, 2011, and March 20, 2031.  (Certified Record (C.R.) at No. 1.)

By decision recorded December 29, 2010, the Board granted Petitioner conditional parole. Before his release on March 21, 2011, Petitioner signed conditions governing his parole, advising, *inter alia*, that "[i]f you are convicted of a crime while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." (C.R. at No. 2.)

On June 8, 2012, Petitioner was arrested and detained by the Philadelphia Police Department for possession of a firearm prohibited, firearm not to be carried without a license, and carrying a firearm on a public street in Philadelphia.[1] The same day, the Board issued a warrant to commit and detain Petitioner. On June 12, 2012, the Board notified Petitioner that it intended to conduct a detention hearing; however, Petitioner waived his right to a detention hearing, as well as his right to counsel. The Board detained Petitioner pending the disposition of his new criminal charges. (C.R. at Nos. 4-6.)

Petitioner was ultimately convicted of the three new criminal charges and, on April 28, 2015, the Court of Common Pleas of Philadelphia County sentenced him to four to ten years' confinement for the possession of a firearm prohibited charge; two to seven years' confinement for the firearm not to be carried without a license charge; and three years of supervised probation for the carrying firearms on a public street in Philadelphia charge.

On May 8, 2015, the Board notified Petitioner that it intended to conduct a revocation hearing based on his new criminal convictions. The same day, Petitioner admitted that he was convicted of the new criminal charges and waived his right to a

---

[1] 18 Pa.C.S. §§6105, 6106, and 6108, respectively.

2

revocation hearing. On June 4, 2015, the Board voted to recommit Petitioner as a CPV and subsequently recommitted Petitioner as a CPV to serve forty-eight months of back time, without credit for time spent at liberty on parole. Accordingly, the Board determined that Petitioner was not eligible for reparole until November 9, 2016, and that his new parole violation maximum date was November 9, 2032.

In calculating Petitioner's new parole violation maximum date, the Board awarded Petitioner 937 days of sentence credit for the periods of June 8, 2012, to June 9, 2012, and October 4, 2012, to April 28, 2015. Petitioner's sentence award was credited against the time owed on his original sentence, leaving 6,368 days (seventeen years, five months, and five days) on his sentence. The Board determined that Petitioner was available to begin serving the back time on his original sentence on June 4, 2015, the date the Board voted to recommit him as a CPV, resulting in a new parole violation maximum date of November 9, 2032.[2]

By letter dated September 8, 2015, Petitioner filed a request for administrative relief, challenging the Board's determination and arguing that a timely revocation hearing was never performed; the back time imposed was excessive; and his parole violation maximum date was erroneous.

By decision mailed February 11, 2016, the Board affirmed its prior determination. The Board reasoned that Petitioner waived his right to a revocation hearing and that the back time imposed was not excessive because it was within the

---

[2] While Petitioner's administrative appeal was pending, the Board discovered a one-day error in calculating Petitioner's maximum sentence date and, by decision recorded October 30, 2015, issued a decision correcting the error and modifying Petitioner's maximum sentence date to November 8, 2023. However, this decision contained a typographical error and, by decision recorded December 11, 2015, the Board corrected Petitioner's maximum sentence date to November 8, 2032.

presumptive range for three violations of the Pennsylvania Uniform Firearms Act of 1995.[3]

The Board also determined that it properly awarded Petitioner sentence credit. The Board explained that, pursuant to section 6138(a)(5) of the Prisons and Parole Code,[4] Petitioner must serve his original sentence before his new sentence; however, according to the Board, Petitioner did not become available to begin service of his original sentence until the Board voted to recommit him as a CPV on June 4, 2015. The Board explained that it awarded Petitioner 937 days of sentence credit for the period of June 8, 2012, the date of his arrest on the Board's detainer, to June 9, 2012, the date he was detained in lieu of bail on the new criminal charges, as well as the period from October 4, 2012, the date he was released on ROR[5] bail, to April 28, 2015, the date he was sentenced on the new criminal charges, because he was held solely on the Board's detainer during those periods. The Board did not award Petitioner sentence credit for the periods from June 9, 2012, to October 4, 2012, or from April 28, 2015, to June 4, 2015, because he was confined on the new charges as well as the Board's detainer.

The Board also determined that it properly calculated Petitioner's new maximum parole date to November 8, 2032 and, therefore, his objection to the prior

---

[3] 18 Pa.C.S. §§6101-6127.

[4] 61 Pa.C.S. §6138(a)(5).

[5] Release on own recognizance.

maximum date was moot.[6]  Accordingly, the Board affirmed its prior determination, except in regard to the November 9, 2032 maximum date.

On appeal to this Court,[7] Petitioner argues that the Board violated his due process rights because it did not conduct a timely revocation hearing.  Petitioner also argues that his due process rights were violated because he was not advised that his "street time"[8] was at risk of being taken by the Board.  Moreover, Petitioner asserts that the Board erred in extending his maximum sentence date.

Conversely, the Board argues that it did not violate Petitioner's due process rights because he admitted his convictions and waived his right to a revocation hearing.  The Board also argues that it was statutorily authorized to deny Petitioner sentence credit for time spent at liberty on parole.  Finally, the Board maintains that it correctly calculated Petitioner's maximum sentence date to November 8, 2032.

---

[6] By letter received on January 15, 2016, Petitioner challenged the Board's authority to extend his maximum sentence date to November 8, 2032, essentially appealing the Board's December 11, 2015 action correcting the typographical error in its previous decision.  By decision mailed April 27, 2016, the Board affirmed its prior determination, stating that the Board's decision to recommit Petitioner as a CPV gave it authority to recalculate his sentence to reflect that he received no credit for time spent at liberty on parole.  The Board further stated that the ability to challenge the recalculation date after it is imposed satisfies Petitioner's due process rights.

[7] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence.  2 Pa.C.S. §704; *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1122 n.1 (Pa. Cmwlth. 2005).

[8] "Street time" is a term frequently used to refer to time spent at liberty on parole.

## Discussion

### Revocation Hearing

In the context of a revocation hearing, the United States Supreme Court has stated that the minimum requirements of due process are: (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the factfinders as the evidence relied on and reasons for revoking parole. *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); *see also* 37 Pa. Code §71.3 (delineating Pennsylvania procedures for parolees charged with a new criminal offense).

The Board's regulations provide that:

> (1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level except as follows: . . .

37 Pa. Code §71.4(1).

However, a parolee may waive his right to a parole revocation hearing. *Fisher v. Pennsylvania Board of Probation and Parole*, 62 A.3d 1073,1075 (Pa. Cmwlth. 2013). This Court has stated that:

> [I]n order to effectuate a knowing and voluntary waiver in Parole Board cases, all that is required is for the Board to show that it followed its own regulations and provided the necessary information to the offender prior to the offender signing the written waiver form.

*Prebella v. Pennsylvania Board of Probation and Parole*, 942 A.2d 257, 261 (Pa. Cmwlth. 2008). Moreover, this Court has held that a parolee is precluded from challenging the timeliness of a revocation hearing once he waives his right to the same. *Fisher*, 62 A.3d at 1076.

Here, the record indicates that the Board advised Petitioner on May 8, 2015, that it intended to conduct a revocation hearing. The same day, Petitioner admitted to being convicted of the new criminal charges, executed the Board's form, and waived his right to a revocation hearing. The form Petitioner executed expressly stated that he chose to take said action of his own free will, without promise, threat, or coercion. Therefore, pursuant to this Court's decision in *Fisher*, Petitioner is precluded from challenging the timeliness of his revocation hearing because he voluntarily waived his right to the same.

## "Street time"

Next, Petitioner argues that the Board violated his due process rights because he was never advised that his "street time" was at risk of being taken away.

Pursuant to section 6138(a) of the Prisons and Parole Code, the Board has statutory authority to recalculate a CPV's sentence to reflect that he received no credit for time spent at liberty on parole. 61 Pa.C.S. §6138(a)(2). Indeed, in the present matter, the Board advised Petitioner of the numerous conditions governing his parole, including that the Board had authority to recommit him to serve the balance of his original sentence without credit for any time spent at liberty on parole if he was convicted of a new crime. Additionally, Claimant was given an opportunity to challenge the Board's recalculation decision after it was imposed, as evidenced by the

present appeal. Thus, the record is clear that Petitioner received the due process he was entitled to and his argument to the contrary lacks merit.

## Maximum Sentence

Finally, Petitioner argues the Board did not have the authority to recalculate his maximum sentence date to November 9, 2032. Although convoluted, it appears Petitioner challenges the Board's authority to modify a judicial imposed sentence and add back time to the same.

Here, by decision recorded December 11, 2015, the Board corrected Petitioner's maximum sentence date to November 8, 2032. Thus, any challenge to the November 9, 2032 date is moot based on the Board's revised calculation. Nevertheless, the Board has statutory authority to recalculate a CPV's sentence to reflect that he receive no credit for time spent at liberty on parole. 61 Pa.C.S. §6138(a)(2). The Board's statutory authority to deny credit for time spent at liberty on parole does not constitute an encroachment upon the judiciary's constitutionally established sentencing power. *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979). Moreover, if a parolee is recommitted, the parolee "shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted . . . ." 61 Pa.C.S. §6138(a)(2). Therefore, Petitioner's argument that the Board was not authorized to recalculate his maximum sentence date and impose back time is unpersuasive.

Accordingly, the Board's decisions are affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ignatio Cartegena,                          :
                    Petitioner              :
                                            :   No. 418 C.D. 2016
            v.                              :
                                            :
Pennsylvania Board of                       :
Probation and Parole,                       :
                    Respondent              :

## *ORDER*

AND NOW, this 12th day of January, 2017, the February 11, 2016, and April 27, 2016 decisions of the Pennsylvania Board of Probation and Parole are affirmed.

_____
PATRICIA A. McCULLOUGH, Judge