# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Herman L. Edmondson,  :
           Petitioner  :
  :
      v.  :   No.  723 C.D. 2020
  :   Submitted:  April 14, 2022
Pennsylvania Parole Board,  :
           Respondent  :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                   FILED:  July 13, 2022

Herman L. Edmondson (Edmondson) petitions for review (Petition) of the Pennsylvania Parole Board's (Parole Board) order, which affirmed the Parole Board's decision recommitting Edmondson as a convicted parole violator (CPV) and recalculating his maximum sentence date.  On appeal, Edmondson argues (1) that the Parole Board lacked authority to extend his maximum sentence because the adoption of the 1968 Pennsylvania Constitution did not include a "savings schedule," and, therefore, the Crimes Code[1] and Prisons and Parole Code (Parole Code)[2] are void, and (2) that the Parole Board violated the doctrine of separation of

---

[1] 18 Pa. C.S. §§ 101-9546.

[2] 61 Pa. C.S. §§ 101-7301.

powers when it extended his maximum sentence. After review, we affirm the Parole Board's order.

In 1994, the Erie County Court of Common Pleas (Erie County) sentenced Edmondson for several criminal convictions, including three counts of drug manufacturing, delivery, or possession with intent to deliver, one count of aggravated assault, and one count of carrying a firearm without a license, to an aggregate term of incarceration of 6 years, 9 months to 26 years. Certified Record (C.R.) at 1, 7. On May 21, 2013, the Parole Board granted Edmondson parole and subsequently released him from state incarceration. C.R. at 5. At the time of his release, Edmondson's maximum sentence date was May 19, 2020. C.R. at 38.

On December 6, 2017, Erie City police officers arrested Edmondson on new charges of conspiracy to commit aggravated assault. C.R. at 67-69. After trial, a jury convicted Edmondson of four counts of conspiracy to commit aggravated assault. C.R. at 69. On December 10, 2018, Erie County sentenced Edmondson to an aggregate term of incarceration of 84 months to 168 months. C.R. at 17.

On March 20, 2019, the Parole Board held a revocation hearing. C.R. at 38-41. At the hearing, Edmondson did not dispute his convictions for conspiracy to commit aggravated assault. C.R. at 38-41. By decision recorded on April 9, 2019, the Parole Board recommitted Edmondson to a state correctional institution as a CPV to serve 36 months and denied him credit for time spent at liberty on parole. C.R. at 83-84. The Parole Board calculated Edmondson's parole violation maximum sentence date as January 30, 2026. C.R. at 83.

In response, Edmondson challenged the Parole Board's decision through an administrative appeal. Edmondson argued (1) that the Parole Board did not possess the lawful authority to change the maximum date of a judicially imposed sentence,

2

and (2) that the Parole Board entered into an illegal contract with him concerning his judicially imposed sentence and unlawfully punished him for such illegal contract. C.R. at 85-89. On June 22, 2020, the Parole Board denied Edmondson's administrative appeal.

Edmondson filed his Petition with this Court. In his Petition, Edmondson makes two arguments. First, Edmondson argues that the Parole Board lacked authority to extend his maximum sentence because the adoption of the 1968 Pennsylvania Constitution did not include a "savings schedule," and, therefore, the Crimes Code and Parole Code are void. Second, Edmondson argues that the Parole Board violated the doctrine of separation of powers when it recalculated his maximum sentence date after his parole violation.

Before we reach the merits of Edmondson's first argument, we must address the Parole Board's assertion that the argument has been waived. Pursuant to Pennsylvania Rule of Appellate Procedure 1551(a), our review of quasijudicial orders is to be conducted on the record made before the government unit. Pa. R.A.P. 1551(a). While the rule requires that "only questions raised before the government unit shall be heard or considered[,]" there is an exception for questions involving the validity of a statute and questions involving the "jurisdiction of the government unit over the subject matter of the jurisdiction." Pa. R.A.P. 1551(a)(1)-(2). Because Edmondson challenges the validity of the Crimes Code and the Parole Code, as well as the Parole Board's authority to extend his maximum sentence, we conclude that this argument has not been waived.

Turning to the merits of Edmondson's first argument, in *Commonwealth v. Stultz*, 114 A.3d 865, 874-77 (Pa. Super. 2015), the Pennsylvania Superior Court addressed this issue and observed that although the current state constitution does

3

not include a savings schedule, the constitution does not require such schedule to preserve prior statutory enactments since the 1968 Constitution amended the 1874 Constitution via a limited Constitutional Convention and other amendments. Thus, our sister court concluded that the previous version of the constitution was "never suspended or completely abrogated." *Id*. at 875. While Superior Court decisions do not bind our Court, we are guided by this persuasive analysis and agree with this conclusion. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545 (Pa. Cmwlth. 2018). In addition, we note that the Crimes Code and Parole Code were both codified after the 1968 Constitution, the Crimes Code in 1972, *see* Act of December 6, 1972, P.L. 1482, No. 334, and the Parole Code in 2009, *see* Act of August 11, 2009, P.L. 147. Therefore, neither the Crimes Code nor the Parole Code could have been rendered invalid by the 1968 Pennsylvania Constitution.

In his second argument, Edmondson asserts that the Parole Board violated the principle of the separation of powers of government when it recalculated and extended his maximum sentence date from May 26, 2020, to January 30, 2026. He asserts that there "is no statute, nor legislature [sic], that has power to change a sentence that was handed down by a judge and thus, the [Parole] Board failed to have the authority" to recalculate his maximum sentence. Pet'r's Br. at 8.

It is well settled that the Parole Board does not violate the separation of powers doctrine when it recalculates a CPV's maximum sentence date. *Davidson v. Pa. Bd. of Prob. & Parole*, 33 A.3d 682, 685-86 (Pa. Cmwlth. 2011). Pursuant to Section 6138(a)(1) of the Parole Code, the Parole Board has the statutory authority to recalculate a sentence where a parolee violates the terms of parole. 61 Pa. C.S. § 6138(a)(1); *Young v. Pa. Bd. of Prob. & Parole*, 409 A.2d 843, 848 (Pa. 1979). The Parole Board's authority to recalculate a sentence is only limited in the sense that

4

the CPV cannot serve more time than he would have served had the Parole Board not released him on parole. *Commonwealth ex rel. Banks v. Cain*, 28 A.2d 897, 902 (Pa. 1942). In *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 570 (Pa. 1980), our Supreme Court stated: "when the [Parole Board] refuses to credit a [CPV] with time spent free on parole there is neither a usurpation of the judicial function of sentencing nor a denial of the procedural safeguards to which persons are entitled."

In *Young v. Pennsylvania Board of Probation & Parole*, 409 A.2d at 843, our Supreme Court explained that the Parole Board's recalculation of a CPV's maximum sentence is not a modification of his judicially imposed sentence. Instead, it is a requirement that he serve his entire original sentence. *Id.* Our Supreme Court has also explained that it is not the specific maximum sentencing date imposed by a court that is controlling, but the duration of the sentence ordered. *Commonwealth ex rel. Banks*, 28 A.2d at 901. Thus, the Parole Board does "not . . . unlawfully extend[] the term of [a] maximum sentence [by recalculating the maximum sentencing date], but . . . merely withdraw[s] from [a CPV] credit for the time he was at liberty on parole[.]" *Com. ex rel. Ohodnicki v. Pa. Bd. of Prob. & Parole*, 211 A.2d 433, 435 (Pa. 1965).

Here, the Parole Board properly recalculated Edmondson's maximum sentence date when he was recommitted as a CPV. In denying Edmondson credit for time spent at liberty on parole, the Parole Board added to his maximum sentence date the 2,500 days Edmondson owed on his original sentence at the time he was released on parole. Edmondson became available to commence service of his original sentence on March 28, 2019, which yields a recalculated maximum sentence date of January 30, 2026. In denying Edmondson credit for time spent at liberty on

5

parole, the Parole Board did not extend or modify Edmondson's judicially imposed sentence. Rather, the recalculated sentence date requires that he serve the remainder of the original sentence imposed by Erie County. The Parole Board acted within its authority, and we discern no violation of the separation of powers doctrine by the Parole Board's recalculation of Edmondson's maximum sentence date.

Accordingly, the Parole Board's decision is affirmed.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Herman L. Edmondson,           :
          Petitioner       :
                               :
          v.               :   No.  723 C.D. 2020
                               :
Pennsylvania Parole Board,     :
          Respondent   :

# **O R D E R**

AND NOW, this 13th day of July, 2022, the order of the Pennsylvania Parole Board, dated June 22, 2020, is **AFFIRMED**.

_____

STACY WALLACE, Judge