# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Walker,            :
            Petitioner      :
                                 :
       v.                    : No. 15 C.D. 2018
                                 : SUBMITTED: July 27, 2018
Pennsylvania Board of Probation    :
and Parole,                  :
            Respondent    :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                          FILED: October 11, 2018

Anthony Walker (Petitioner) petitions for review from the Pennsylvania Board of Probation and Parole's (Board) December 8, 2017 ruling affirming its July 25, 2017 decision to recalculate Petitioner's maximum parole violation expiration date as August 27, 2018. Petitioner's appointed counsel, Lowell T. Williams, Esquire (Counsel), has submitted an Application to Withdraw Appearance and Request for Extension of Briefing Schedule (Application),[1] in which Counsel asserts the Petition for Review is frivolous and consequently seeks our permission to withdraw from representing Petitioner. As Petitioner's maximum date has already passed, we dismiss both the Application and the Petition for Review as moot.

---

[1] In the body of the Application, Counsel does not actually request an extension of the briefing deadlines. *See* Application at 1-3. In this regard, the full title of the Application is somewhat misleading.

On June 20, 2000, Petitioner pled guilty in the Court of Common Pleas of Allegheny County (Trial Court)[2] to one count of Robbery and one count of Carrying a Firearm Without a License. Petitioner received an aggregate sentence of 6½ to 13 years. Certified Record (C.R.) at 1. Petitioner was eventually paroled on January 11, 2011, at which point his maximum date was December 26, 2016. *Id.* at 4-6. Petitioner then accrued a number of arrests, convictions, and grants of parole over roughly the next six years, *see id.* at 14, 36-43, 71-80, 83-85, 93-96, resulting in his maximum date being extended to September 4, 2017. *Id.* at 38-43.

On January 5, 2016, Petitioner was arrested in Mount Oliver, Pennsylvania and charged with two counts of Possession with Intent to Deliver and two counts of Unlawful Possession of a Controlled Substance. *Id.* at 104-11. The Board then issued a detainer on March 14, 2016. *Id.* at 113. Petitioner pled guilty to both counts of unlawful possession and, on January 23, 2017, the Trial Court sentenced Petitioner to two consecutive sentences of three to six months to be served in the Allegheny County Jail.[3] *Id.* at 135, 137. On June 7, 2017, the Board ordered Petitioner to be recommitted as a convicted parole violator (CPV) upon his release from Allegheny County Jail, so that he could serve the remainder of his unexpired term for the 2000 Robbery and Firearms convictions. *Id.* at 154. The Board credited Petitioner with 175 days of backtime, and calculated that there were 433 days remaining on his original 2000 sentence for Robbery. As a result, Petitioner's new maximum date was set as **August 27, 2018**. *Id.* at 165, 167.

---

[2] The Certified Record does not indicate whether the same trial judge handled all of Petitioner's subsequent criminal cases, but they all appear to have been resolved in the Court of Common Pleas of Allegheny County.

[3] The Trial Court also awarded Petitioner 180 days credit against these sentences for time served. C.R. at 135.

On June 17, 2017, Petitioner filed an Administrative Remedies Form, challenging the Board's maximum date re-calculation. Petitioner asserted that he should have been credited an additional 198 days against his original 2000 sentence for time served while awaiting trial for the Mount Oliver charges. *Id.* at 171-72.[4]

The Board responded on December 8, 2017 via a letter in which it explained:

> You were released on parole on October 15, 2014, with a [maximum date] of September 4, 2017. At that point, 1055 days remained on your sentence. The Board calculated your [maximum date] based upon your recommitment as a [CPV]. The decision to recommit you as a [CPV] gave the Board statutory authority to recalculate your sentence and does not violate any statutory or constitutional provisions. 61 Pa. C.S. § 6138(a)(2); *Young v. Commonwealth*, 409 A.2d 843 (Pa. 1979); *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007). That being said, the Board exercised its discretion under 61 Pa. C.S. § 6138(a)(2.1), and awarded you credit for 477 days at liberty on parole from October 15, 2014 to January 5, 2016.[5] You are entitled to an additional 175 days credit for detention by the Board from January 5, 2016 to June 28, 2016. On that date, you were detained due to new criminal charges. On January 23, 2017, you were sentenced to incarceration in county prison. You are not entitled to credit on your [maximum date] for the time you were detained prior to sentencing because you were not detained solely by the Board during that period. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980).

---

[4] Petitioner also filed an undated and unsigned Administrative Remedies Form that the Board received on February 27, 2017, in which Petitioner claimed the Board could not strip him of credit for time served at liberty on parole. C.R. at 169. It is unclear what Board action Petitioner sought to challenge via this Form, given that the Certified Record reflects that the Board did not order his recommitment until June 7, 2017. *Id.* at 165, 167.

In addition, Petitioner sent the Board five letters, another Administrative Remedies Form, and a "Request for Administrative Relief" between July 21, 2017 and December 11, 2017. *Id.* at 174-200. Each of these contained arguments that were substantially duplicative of those in his June 17, 2017 Administrative Remedies Form. *See id.*

[5] It is unclear where this 477 day number came from, as it is not mentioned anywhere in the Board's July 25, 2017 decision. *See id.* at 165-68.

3

> Because you were sentenced to county incarceration, you were required to serve that sentence prior to resuming service of your original sentence. 61 Pa. C.S. § 6138(a)(5)(iii). You were released from your county sentence on June 20, 201[7]. Adding 433 days (1055 - 477 - 175) to that date results in your August 27, 2018 [maximum date].

*Id.* at 201. On this basis, the Board affirmed its June 7, 2017 decision. *Id.* at 202.

We must note that the Board inexplicably miscalculated Petitioner's maximum date. The Board stated that Petitioner had 433 days left on his original 2000 sentence, arriving at that number by starting with the 1055 days that were actually remaining, and then giving him credit for 477 days spent at liberty on parole, as well as 175 spent in custody due solely to a Board-issued detainer. *Id.* at 201. However, subtracting 477 and 175 from 1055 equals 403, not 433, meaning that Petitioner's maximum date was actually July 28, 2018, not August 27, 2018. Thus, by virtue of the Board's error, Petitioner was incarcerated for 30 days beyond that which he should have served.

Petitioner filed the instant Petition for Review on January 2, 2018. Therein, he reiterated his belief that the Board should have given him an additional credit of 198 days against his original 2000 sentence. *See* Petition at 2-3.

Counsel subsequently entered his appearance on behalf of Petitioner on February 23, 2018. Since Petitioner only sought to challenge the Board's calculation of his maximum date, Counsel appropriately elected to file a no-merit letter.[6] On

---

[6] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), court-appointed counsel must file what is known as an *Anders* brief when seeking to withdraw from representation in certain circumstances. *See Com. v. Santiago*, 978 A.2d 349, 353-55 (Pa. 2009).

> Where no constitutional right to counsel is involved, an attorney seeking to withdraw from representation in a probation and parole case need only file a no-merit letter, as opposed to an *Anders* brief. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d

May 16, 2018, Counsel submitted his Application and a no-merit letter. In his Application, Counsel stated he had "conducted a full and conscientious examination of the record certified to [this] Honorable Court by the . . . Board and ha[d] concluded that there is no factual or legal basis for Petitioner's appeal and that the said appeal is frivolous." Application at 2. In the no-merit letter, Counsel provided the following explanation for his conclusion:

> Petitioner's argument is that the . . . Board erred in its recalculation of Petitioner's [maximum date] of August 27, 2018. Petitioner alleges that the recalculation of this date fails to afford him credit for the 198 days which he was incarcerated for on his new charges. Petitioner was sentenced relative to his guilty plea to these charges to two consecutive terms of three (3) to six (6) months and granted credit for 198 days. Although the . . . Board . . . had lodged a detainer, the Petitioner's failure to post bond was the primary reason for his incarceration of 198 days. This issue is without merit because the Petitioner received appropriate credit by the [Trial] Court for his incarceration of 198 days and is not entitled to any further credit.

No-Merit Letter at 2-3.[7] Counsel advised Petitioner of his determination and reasoning in writing and directed Petitioner to retain another attorney or file a *pro se*

---

19, 26 (Pa. Cmwlth. 2009). A constitutional right to counsel arises when the petitioner presents a:

> colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Id.* at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)).

*Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010).

[7] While Counsel makes a sound legal argument, he apparently overlooked the math error as well.

5

brief with our Court, if Petitioner disagreed with Counsel's conclusion. Williams Letter, 5/14/18, at 1.

Typically, in these matters, we would first assess the adequacy of Counsel's Application and No-Merit Letter, before addressing the validity of Petitioner's substantive arguments. *See, e.g., Seilhamer*, 996 A.2d at 43 n.4; *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009).

However, such a review in this matter is ultimately not necessary, since Petitioner's maximum date has already passed. As this Court has held, "the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot. It is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief." *Taylor v. Pennsylvania Bd. of Prob. & Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000) (internal citations omitted). We will refuse to dismiss a moot appeal "only if the issues involved are capable of repetition yet likely to evade review and of important public interest, or where a party will suffer some detriment without [our] court's decision." *Id.* Here, the maximum date on Petitioner's original 2000 sentence was August 27, 2018, which has already passed. As such, Petitioner is no longer serving that sentence, thereby rendering his Petition for Review moot. Though the issue raised by Petitioner, relating to the Board's calculation of his maximum date, is capable of repetition by other Petitioners in other matters, it is not an issue that will escape review in the future, as shown through numerous other appeals from Board decisions which this Court has substantively addressed over the years. Nor will Petitioner suffer without our assistance because, as we have already noted, he has completed serving the sentence that gave rise to the challenged maximum date.[8]

---

[8] Though it is not part of the Certified Record, we take notice of the fact that Petitioner is no longer in state custody at this point. *See* PENNSYLVANIA DEPARTMENT OF CORRECTIONS, http://inmatelocator.cor.pa.gov/#/ (last checked Sept. 19, 2018).

Therefore, we dismiss Petitioner's Petition for Review as moot, thereby rendering Counsel's Application moot as well, due to the fact that there is no longer an active case or controversy in this matter.

_____

ELLEN CEISLER, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Walker,                     :
      Petitioner          :
                           :
    v.                          : No. 15 C.D. 2018
                           :
Pennsylvania Board of Probation     :
and Parole,                         :
      Respondent         :

# O R D E R

AND NOW, this 11th day of October, 2018, Counsel's Application to Withdraw Appearance and Request for Extension of Briefing Schedule and Petitioner's Petition for Review are DISMISSED AS MOOT.


_____
ELLEN CEISLER, Judge