IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephon Jaquae Harris,          :
             Petitioner          :
                                  :
         v.                       :
                                  :
Pennsylvania Board of          :
Probation and Parole,          :    No. 1310 C.D. 2019
             Respondent      :    Submitted: March 6, 2020

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED: April 17, 2020

       Stephon Jaquae Harris (Harris) petitions for review from the September 6, 2019 order of the Pennsylvania Board of Probation and Parole (Board)[1] denying Harris's request for administrative relief which challenged the recalculation of his parole violation maximum sentence date.[2] Harris is represented by David Crowley, Esquire (Counsel), who asserts that the appeal is without merit and seeks permission

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

[2] Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed or constitutional rights have been violated. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

to withdraw as counsel. For the foregoing reasons, we grant Counsel's application to withdraw as counsel and affirm the order of the Board.

Harris originally pleaded guilty to charges of criminal conspiracy and possession of a controlled substance and was sentenced on July 26, 2016 to a term of incarceration of six months to two years. Certified Record (C.R.) at 1. His maximum sentence date at the time was November 21, 2018. *Id.* On July 23, 2017, the Board released Harris on parole. *Id.* at 7. The conditions governing Harris's parole cautioned that he may be detained by the Board should he be arrested on new criminal charges, and that he may be recommitted to serve the remainder of his original sentence should he be convicted of a crime while on parole. *Id.* at 8.

On February 9, 2018, an officer from the Wilkinsburg Borough Police Department near Pittsburgh arrested Harris for possession and delivery of a controlled substance, namely heroin/fentanyl, and possession of drug paraphernalia, following a controlled drug purchase by a confidential police informant a few days earlier. *Id.* at 11-16. On February 10, 2018, the Board issued a warrant to commit and detain Harris for violation of his parole. *Id.* at 17. On February 23, 2018, the Board provided Harris with a notice of charges and detention hearing relating to his new criminal charges. *Id.* at 23-24. That same day, Harris executed a waiver of his right to counsel and a detention hearing. *Id.* at 22. By decision recorded on March 28, 2018, the Board ordered Harris to remain detained pending disposition of these new criminal charges. *Id*. at 30. Harris did not post bail with respect to the new charges and remained incarcerated in the Allegheny County Jail. *Id.* at 57.

On November 15, 2018, Harris pleaded guilty to the new criminal charges and was sentenced to a term of incarceration of 11 months, 15 days to 23 months. *Id.* at 36-37. Harris received a credit of 279 days towards his new sentence

2

for the period of time he was incarcerated from the date of his arrest until the date of his sentencing. *Id.* at 41. On November 27, 2018, the Board provided Harris with a notice of charges and revocation hearing relating to his new convictions. *Id.* at 46-47. That same day, Harris executed a waiver of his right to counsel and a revocation hearing and admitted to the new convictions. *Id.* at 45.

By decision recorded on December 11, 2018, and mailed the next day, the Board recommitted Harris as a convicted parole violator to serve his unexpired term of 1 year, 3 months, and 29 days (a total of 486 days), when available, following parole or completion of his county sentence and his return to a state correctional institution (SCI). *Id.* at 64-65. On December 27, 2018, Harris submitted an administrative remedies form challenging his recommitment and alleging a constitutional violation regarding the taking of his street time, *i.e.*, the time he spent at liberty on parole. *Id.* at 79. Harris checked the boxes on this form relating to challenges to his sentence credit, order of service of sentences, and reparole eligibility date. *Id.* The Board did not respond to Harris's administrative remedies form, later explaining that "[a]ny credit challenges of that decision [were] considered premature" because Harris was still serving his sentence in Allegheny County at the time and had not been returned to an SCI. *Id.* at 83.

On March 12, 2019, Harris was granted parole from his county sentence. *Id.* at 72. One week later, on March 19, 2019, Harris returned to the Board's custody at SCI-Greene. *Id.* at 66. By decision recorded on April 4, 2019, and mailed on April 9, 2019, the Board referred to its previous order recommitting Harris to his unexpired term of 1 year, 3 months, and 29 days (a total of 486 days) and refused to award Harris any credit for his street time because his new convictions were the same, or similar to, his original offenses. *Id.* at 77-78. At the same time,

3

the Board issued Harris a new green sheet, recalculating his maximum sentence date to July 10, 2020. *Id.* at 75. The Board arrived at this calculation by adding the 486 days left on Harris's original sentence to the date that he first became available to the Board to serve his backtime, *i.e.*, March 12, 2019. *Id.*

Harris submitted a second administrative remedies form to the Board, received on May 6, 2019, again alleging a constitutional violation regarding the taking of his street time and noting that his original sentence was no less than six months and no more than two years. *Id.* at 81. Harris again checked the box for a sentence credit challenge on this form and argued that the Board had improperly revoked his street time and effectively modified a judicially imposed sentence by calculating a new maximum sentence date. *Id.*

By decision mailed September 6, 2019, the Board denied Harris's requests for administrative relief. *Id.* at 83-84. With regard to the administrative remedies form filed on December 27, 2018, the Board explained, as noted above, that such form was premature. *Id.* at 83. With regard to the administrative remedies form received on May 6, 2019, the Board explained that it had "the authority to recommit and recalculate the max[imum] dates of convicted parole violators to reflect that they receive no credit for time spent at liberty on parole" under Section 6138(a)(2) of the Prisons and Parole Code (Parole Code), 61 Pa.C.S. § 6138(a)(2).[3] *Id.* The Board noted that Harris was advised of this potential penalty in the parole conditions he signed and acknowledged on July 21, 2017, two days prior to his actual release on parole. *Id.* Further, the Board reasoned as follows:

---

[3] Section 6138(a)(2) of the Parole Code provides that if the Board orders recommitment as a convicted parole violator, the "parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted" and "shall be given no credit for the time at liberty on parole." 61 Pa.C.S. § 6138(a)(2).

4

Additionally, the ability to challenge the recommitment decision after it is imposed satisfies your due process rights. Therefore, the Board's decision to recommit you did not violate any constitutional provisions, including double jeopardy. *Young v. Commonwealth,* 409 A.2d 843 (Pa. 1979); *also see Armbruster v. Pa. Bd. of Prob. & Parole,* 919 A.2d 348 (Pa. Cmwlth. 2007).

Finally, your max[imum] date is properly recalculated. You were paroled from a state correctional institution July 23, 2017 with a max[imum] date of November 21, 2018 leaving you with 486 days remaining on your original sentence the day you were released. The Board denied you credit for time spent at liberty on parole in this case. 61 Pa.C.S. § 6138(a)(2). You therefore owed 486 days on your original sentence as a convicted parole violator.

On February 10, 2018, you were arrested by local authorities in Allegheny County for new criminal charges and a board detainer was lodged that same day; there is no indication that you posted bail. On November 15, 2018, you were sentenced to a new term of incarceration to be served in Allegheny County [Jail]. The [Parole Code] provides that convicted parole violators who are paroled from a state correctional institution and receive a new sentence to be served in a county prison must serve the new sentence first. 61 Pa.C.S. § 6138(a)(5). This means that you were unavailable to begin service of your original sentence until March 12, 2019, the day you were paroled from Allegheny County. Adding 486 days to that availability date establishes a recalculated max[imum] date of July 10, 2020.

*Id.* at 83-84.

Harris, through court-appointed Counsel, filed a timely petition for review with this Court challenging the Board's decision mailed September 6, 2019. In his petition for review, Harris argues that the Board's decision "lacks sufficient evidence for its factual findings . . . violates applicable Board Regulations . . . or . . . violate[s] [Harris's] protections to due process of law under the Pennsylvania and

5

United States Constitutions." Petition for Review ¶ 5. More specifically, Harris argues that the Board "failed to credit [his] original sentence with all the time to which he is entitled." *Id.* ¶ 6.

On January 6, 2020, following a further review of the certified record and discussions with Harris, Counsel filed a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), contending that Harris's appeal lacks merit and "that there exists no legal basis to challenge the Board determination." No-Merit Letter at 1. In this letter, Counsel noted that Harris's *pro se* administrative appeal to the Board appeared to be based on the single premise that the Board lacked the constitutional authority to change a judicially imposed sentence. No-Merit Letter at 3. Counsel explained that such argument lacks merit, citing the Board's authority under Section 6138(a)(2) of the Parole Code to recommit convicted parole violators to serve the remainder of their unexpired term, as well as our Supreme Court's rejection of this constitutional argument in *Young v. Pennsylvania Board of Probation & Parole*, 409 A.2d 843 (Pa. 1979). No-Merit Letter at 3-4. Counsel further explained that Harris was unable to post bail on his new criminal charges and any presentence confinement could only be credited against his new sentence, that the Board properly calculated that Harris had 486 days remaining on his unexpired term at the time of his parole, and that the Board properly recalculated his maximum sentence date by adding these 486 days to March 12, 2019, the date he first became available to the Board to begin serving his backtime. No-Merit Letter at 5-6.

The next day, January 7, 2020, Counsel filed an application to withdraw as counsel for Harris, reiterating his contention that Harris's appeal "is without merit." Application to Withdraw ¶ 1. Additionally, Counsel stated that he had

"notified [Harris] of [Counsel's] request to withdraw, and advised [Harris] of his right to retain new counsel or raise any points that he might deem worthy of consideration as required by *Craig v. Pennsylvania Board of Probation and Parole*, [] 502 A.2d 758 ([Pa. Cmwlth.] 1985)." Application to Withdraw ¶ 3.

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if counsel satisfies the following requirements: (i) he must notify the petitioner of the request to withdraw; (ii) he must furnish the petitioner with a copy of a no-merit letter; and (iii) he must advise the petitioner of his right to retain new counsel and to raise any new points he might deem worthy of consideration. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013) (citing *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009)). The no-merit letter must detail: (i) the nature and extent of the counsel's review; (ii) each issue the petitioner wished to have raised; and (iii) counsel's explanation as to why those issues are meritless. *Miskovitch*, 77 A.3d at 69 (citing *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 26). A no-merit letter must include "substantial reasons for concluding that" a petitioner's arguments are without merit. *Zerby v. Shanon*, 964 A.2d 956, 962 (Pa. Cmwlth. 2009). Once appointed counsel fully complies with these requirements to withdraw, the Court independently reviews the merits of the petitioner's claims. *Id.* at 960.

Here, Counsel met the technical requirements to withdraw. On January 8, 2020, Counsel filed amended Proofs of Service with this Court certifying that he served Harris, by First-Class Mail, with copies of the application to withdraw and the no-merit letter. In the application to withdraw, Counsel advised Harris that he has a right to retain new counsel if he wishes or to raise any new points that he may deem worthy of consideration in a brief filed on his own behalf. Application to

7

Withdraw ¶ 3. In the no-merit letter,[4] Counsel addressed the nature and extent of his review of Harris's case, the issues raised on appeal, and explained why those issues were meritless. Additionally, on January 13, 2020, Counsel filed a Proof of Service with this Court certifying that he served Harris with a copy of this Court's January 10, 2020 order by First-Class Mail, which gave Harris 30 days to obtain substitute counsel, at his own expense, and to have new counsel enter an appearance and file a brief, or to file a brief on his own behalf in light of Counsel's request to withdraw. *See* Cmwlth. Ct. Order dated 1/10/20 & Proof of Service dated 1/13/20.

Turning to the merits, as noted by Counsel in his no-merit letter, any argument that the Board lacks the constitutional authority to alter a judicially imposed sentence is without merit. Section 6138(a)(2) of the Parole Code provides as follows:

> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

61 Pa.C.S. § 6138(a)(2). Further, it is well-settled that the Board, when recalculating the sentence of a convicted parole violator, is not encroaching upon judicial powers but merely requiring the parole violator to serve his entire sentence under the authority granted by the General Assembly. *Young*, 409 A.2d at 848 (explaining that the Board's recalculation of sentence of convicted parole violator is "not an

---

[4] Counsel seeking to withdraw may file an "*Anders* Brief" or a no-merit letter. *See Anders v. California*, 386 U.S. 738 (1967). If petitioner has a constitutional right to counsel, then counsel should file an *Anders* Brief. *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009). In cases where there is no constitutional right to counsel, *i.e.*, an appeal from the Board's decision to recalculate a parolee's maximum sentence, this Court only requires a no-merit letter explaining why the claim is meritless to support the petition to withdraw. *Id*. at 25-26. The standard applied in this case is whether Harris's claims are without merit. *Id*. at 26 n.4.

encroachment upon the judicial sentencing power"); *see also Ruffin v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 2038 C.D. 2016, filed July 13, 2017), slip op. at 8-9 (citing *Young* for the proposition that "in exercising its power to recommit a parolee beyond the maximum date set by a sentencing court without allowing for credit for time spent at liberty on parole, the Board is not engaging in an unconstitutional usurpation of judicial power but rather is operating under the express authority granted to it by the General Assembly").[5]

In addition, following his arrest on the new criminal charges, Harris was unable to post bail and remained incarcerated both on these new charges and the Board's warrant to commit and detain. In such situations, any presentence confinement credit must only be applied to the new sentence. *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 305 (Pa. 2003) (holding that, with certain exceptions not applicable here, when a parolee is confined as a result of new criminal charges and does not post bail, the pretrial confinement must be credited to the sentence received upon conviction of these new charges).[6] The record reflects that Harris was indeed credited for his presentence confinement of 279 days against his new sentence, C.R. at 41, and, thus, he is entitled to no further credit for the same.

Finally, the Board did not err in calculating Harris's new maximum sentence date. Harris was released on parole on July 23, 2017, with a maximum sentence date of November 21, 2018, thereby leaving 486 days remaining on his unexpired term. Section 6138(a)(5) of the Parole Code, 61 Pa.C.S. § 6138(a)(5),

---

[5] Section 414(a) of this Court's Internal Operating Procedures provides that an unreported decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent. 210 Pa. Code § 69.414(a).

[6] To the contrary, where a parolee does post bail and is confined solely on the Board's warrant, the pretrial confinement must be credited towards his original sentence. *Martin*, 840 A.2d at 305 (citing *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980)).

mandates that a parolee serve a new sentence prior to any service of backtime. Harris did not become available to the Board to serve his backtime until March 12, 2019, when he was paroled from the Allegheny County sentence. The Board properly added Harris's unexpired term of 486 days to this date to arrive at a new maximum sentence date of July 10, 2020.

Accordingly, we grant Counsel's application to withdraw and affirm the Board's order recalculating Harris's maximum sentence date.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephon Jaquae Harris,            :
           Petitioner            :
           :
           v.            :
           :
Pennsylvania Board of            :
Probation and Parole,            :     No. 1310 C.D. 2019
           Respondent            :

O R D E R

AND NOW, this 17th day of April, 2020, the Application to Withdraw as Counsel filed by David Crowley, Esquire, is GRANTED, and the September 6, 2019 order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge