Timothy A. Crawford, Jr., : 
                Petitioner : 
                 : 
       v. : 
                 : 
Pennsylvania Board of : 
Probation and Parole, : No. 433 C.D. 2019 
                Respondent : Submitted: October 11, 2019

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: April 20, 2020

Timothy A. Crawford, Jr. (Crawford) petitions for review from the March 25, 2019 order of the Pennsylvania Board of Probation and Parole (Board) denying Crawford's appeal challenging the Board's recalculation of his parole violation maximum sentence date. Crawford is represented by Joshua M. Yohe, Esquire (Counsel), who asserts that the appeal is without merit and seeks permission to withdraw as counsel. For the foregoing reasons, we grant Counsel's motion to withdraw and affirm the order of the Board.

On January 17, 2016, the Board released Crawford on parole from a state correctional institution where he was serving a sentence of one year, six months to five years for his robbery conviction and, at the time, his maximum sentence date was November 16, 2017. Certified Record (C.R.) at 1-2 & 7. On April 15, 2017,

Crawford was arrested on new criminal charges and the Board detained him. *Id*. at 12, 15-21, 25 & 66. On April 17, 2017, the City of Sharon Police Department charged Crawford with several drug-related crimes and bail was set at $5,000. *Id*. at 119. By order dated August 31, 2017, the Court of Common Pleas of Mercer County (trial court) lowered bail to "ROR" (release on his own recognizance). *Id*. On November 16, 2017, the Board issued an order to cancel its detainer because Crawford's initial maximum date lapsed. *Id*. at 78-81. Three days later, on November 19, 2017, the Board declared Crawford delinquent for control purposes effective the date of his arrest on his new criminal charges (April 15, 2017). *Id*. at 82. On November 22, 2017, Crawford was released from a state correctional institution. *Id*. at 132.[1]

On June 18, 2018, Crawford pleaded no contest to one count of possession with intent to deliver a controlled substance arising from the April 17, 2017 criminal complaint. C.R. at 87. On the same day, the trial court sentenced Crawford to a period of incarceration of not less than 180 days nor more than 18 months concurrent to any outstanding sentence with credit for time served from April 15, 2017 through November 21, 2017. *Id*. at 87-90. On June 25, 2018, the Board detained Crawford and, in its detainer, the Board noted that his maximum sentence was November 16, 2017, but that the maximum sentence date was being extended due to a new conviction, and indicated that Crawford owes about 15 months. *Id*. at 86. Additionally, on the same day, the Board issued a notice of

---

[1] After Crawford was released, three criminal complaints were filed against him. Two of those complaints, filed on April 30, 2018 and May 20, 2018, resulted in convictions that did not require Crawford to serve additional time incarcerated. C.R. at 83-85 & 146-53. The third complaint was filed on August 31, 2018 relating to an incident that allegedly occurred on May 8, 2018. *Id*. at 154-59. The certified record does not provide information regarding the resolution of the August 31, 2018 complaint. *Id*.

charges to schedule a revocation hearing, but Crawford waived his right to counsel and to a hearing. *Id*. at 91 & 100-01.

The Board, by decision mailed August 15, 2018, notified Crawford of its decision to recommit him as a convicted parole violator. C.R. at 133-34. The Board ordered Crawford to serve his unexpired term of 590 days, refused to grant him credit for time spent at liberty on parole,[2] and recomputed his maximum sentence date to February 5, 2020.[3] *Id*. Crawford challenged the Board's August 15, 2018 decision through documents entitled "Legal Argument in Support (Reasons for Appeal)" and "Request for Administrative Remedy."[4] *Id*. at 135-43. The Board, by decision mailed March 19, 2019, modified its August 15, 2018 decision to correct the "unexpired term." *Id*. at 170. The Board lowered Crawford's unexpired term of

[2] The Board indicated in its hearing report form that Crawford had a poor supervision history given that he received two convictions while delinquent. C.R. at 94 & 99. Notably, the third criminal complaint, *see supra* note 1 and *infra* note 8, was filed against Crawford after the Board rendered its August 15, 2018 decision to recommit him as a convicted parole violator. *Id*. at 154-59.

[3] In its Order to Recommit, the Board indicated that Crawford's original maximum sentence date was November 16, 2017, and he was paroled on January 17, 2016, leaving him with 669 days owed on his original sentence. C.R. at 109. The Board credited Crawford with 79 days of backtime when he was held only on the Board's detainer. *Id*. Specifically, the Board credited Crawford with 2 days for time served from April 15, 2017 (date of arrest) to April 17, 2017 (date of criminal complaint), and 77 days from August 31, 2017 (day bail reduced to ROR) to November 16, 2017 (day Crawford was ordered released). *Id*. Crawford owed 590 days on his original sentence. *Id*. Crawford's custody for return date was June 25, 2018, and adding 590 days to this date results in a new maximum date of February 5, 2020. *Id*.

[4] The Board received Crawford's appeal on August 27, 2018. C.R. at 135. Additionally, Crawford filed correspondence received by the Board on February 21, 2019, March 13, 2019, March 14, 2019, and March 18, 2019. *Id*. at 160, 162, 164, 166 & 172. The Board regulations provide that "[s]econd or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received." 37 Pa. Code § 73.1(b)(2).

backtime by 6 days to 584 days and changed Crawford's parole violation maximum date to January 30, 2020. *Id*.[5]

Next, the Board responded to Crawford's appeal by decision mailed March 25, 2019, wherein it affirmed in part and reversed in part its August 15, 2018 decision. C.R. at 173-75. The Board affirmed that it has the authority to recalculate Crawford's maximum sentence date and explained that the Board did not violate any constitutional provisions, including double jeopardy. *Id*. at 174-75. Additionally, the Board reversed its decision to the extent that Crawford's maximum sentence date had a calculation error and notified Crawford that he could appeal the Board's March 19, 2019 decision modifying his maximum sentence date to January 30, 2020. *Id*. Crawford petitioned this Court for review of the Board's March 25, 2019 decision.

In his petition for review, Crawford argues that the Board erred by recalculating his maximum sentence date because the Board does not have the power to alter a judicially imposed sentence. Petition for Review ¶¶ 5-8. In support of his assertion, Crawford contends that the Board entered into an "illegal contract" with him concerning a judicially imposed sentence and has "unlawfully punished" him pursuant to such "illegal contract." *Id*. ¶ 9. Crawford asserts that "the judicially[] imposed sentence is exclusively governed by the court whom [sic] imposed such judgment and sentence" and that "only the sentencing court possesses the authority and jurisdiction necessary to enter into an agreement" with the Board concerning the "increase or decrease of the maximum date of the imposed sentence." *Id*. ¶ 10.

---

[5] Additionally, the Board modified its Order to Recommit and indicated that Crawford only owed 584 days of backtime to reach the new maximum sentence date of January 30, 2020. C.R. at 168. The Board credited Crawford with time he served for six days from November 16, 2017 (the day Crawford's maximum sentence lapsed) to November 22, 2017 (the day of Crawford's release). *Id*. at 2 & 132.

Further, Crawford states that "any written agreement/contract . . . is void . . . and . . . unenforceable." *Id*. ¶ 11.[6] This Court, by order dated April 29, 2019, appointed Counsel to represent Crawford in this matter. On August 8, 2019, Counsel filed two motions with this Court: a motion to withdraw, to which he attached as an exhibit a no-merit letter directed to Crawford, and a no-merit motion. In his no-merit motion, Counsel provided that the issue before this Court is whether the Board "lacked authority to recalculate [Crawford's] max date as a result of his status as a convicted parole violator." No-Merit Motion ¶ 13. After review of the issue, Counsel determined that it is "wholly frivolous and meritless" and there is no legal basis to challenge the Board's determination. Motion to Withdraw ¶ 1; No-Merit Letter dated 8/8/19 at 1 (No-Merit Letter) & No-Merit Motion ¶¶ 13-17.

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if counsel satisfies the following requirements: (i) he must notify the petitioner of the request to withdraw; (ii) he must furnish the petitioner with a copy of a no-merit letter; and (iii) he must advise the petitioner of his right to retain new counsel and to raise any new points he might deem worthy of consideration. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013) (citing *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009)). The no-merit letter must detail: (i) the nature and extent of the counsel's review; (ii) each issue the petitioner wished to have raised; and (iii) counsel's explanation as to why those issues are meritless. *Miskovitch*, 77 A.3d at 69 (citing *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), & *Hughes*, 977 A.2d at 26); *see also Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). A no-merit letter must include "substantial reasons for concluding that" a petitioner's arguments

---

[6] Crawford's *pro se* petition for review contains 11 paragraphs. The remaining paragraphs of the petition for review contain background information. Petition for Review ¶¶ 1-4.

are without merit. *Zerby*, 964 A.2d at 962. Once appointed counsel fully complies with these requirements to withdraw, the Court independently reviews the merits of the petitioner's claims. *Id.* at 960.

Here, Counsel met the technical requirements to withdraw. On August 8, 2019, Counsel filed a Proof of Service with this Court certifying that he served Crawford, by First-Class Mail, with a copy of the motion to withdraw (to which the no-merit letter was attached) and the no-merit motion. Proof of Service filed and dated 8/8/19. In the no-merit letter,[7] Counsel advised Crawford that he has a right to retain new counsel if he wishes or to raise any new points that he may deem worthy of consideration on his own. *Id*. at 2. On August 19, 2019, Counsel filed a Proof of Service with this Court certifying that he served Crawford with a copy of this Court's August 12, 2019 order by First-Class Mail, which gave Crawford 30 days to obtain substitute counsel, at his own expense, and to have new counsel enter an appearance and file a brief, or to file a brief on his own behalf in light of Counsel's request to withdraw. *See* Cmwlth. Ct. Order dated 8/12/19 & Proof of Service dated 8/19/19.

Turning to the substance of the no-merit letter, Counsel provided a summary of the facts based on the certified record. No-Merit Letter at 1-2. Counsel adequately addressed the issue of whether the Board lacks the authority to change the maximum date of a judicially imposed sentence and provided his analysis as follows:

---

[7] Counsel seeking to withdraw may file an "*Anders* Brief" or a no-merit letter. *See Anders v. California*, 386 U.S. 738 (1967). If petitioner has a constitutional right to counsel, then counsel should file an *Anders* Brief. *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009). In cases where there is no constitutional right to counsel, *i.e.*, an appeal from the Board's decision to recalculate a parolee's maximum sentence, this Court only requires a no-merit letter explaining why the claim is meritless to support the petition to withdraw. *Id*. at 25-26. The standard applied in this case is whether Crawford's claims are without merit. *Id*. at 26 n.4.

6

In *Young v. [Pennsylvania Board] of Probation and Parole*, 409 A.2d 843 (Pa. 1979), our Supreme Court addressed this issue, finding that "[t]he fallacy of appellant's position is the attempt to equate time served on parole with time served in an institution." *Young*, 409 A.2d at 846. In *Ruffin v. Pennsylvania Board of Probation and Parole* [(Pa. Cmwlth., No. 2038 C.D. 2016, filed July 13, 2017), 2017 WL 2979404], this Court summarized *Young* as follows: "in exercising its power to recommit a parolee beyond the maximum date set by a sentencing court without allowing for credit for time spent at liberty on parole, the Board is not engaging in an unconstitutional usurpation of judicial power but rather is operating under the express authority granted to it by the General Assembly." *Ruffin*, [slip op. at 8-9].

*Id*. at 2 (emphasis added) (underlining in original omitted). As explained by Counsel, it is well-settled that the Board, when recalculating the sentence of a convicted parole violator, is not encroaching upon judicial powers but merely requiring the parole violator to serve his entire sentence under the authority granted by the General Assembly. *Young*, 409 A.2d at 848 (explaining that the Board's recalculation of sentence of convicted parole violator is "not an encroachment upon the judicial sentencing power"). The Board cannot extend the "duration of the sentence" because fixing the sentence is a judicial function. *Id*. at 846.

However, when recalculating a convicted parole violator's maximum sentence date, the Board cannot impose backtime that exceeds the remaining balance of his unexpired term. *See* 61 Pa. C.S. § 6138(a)(2) (directing that when recommitted as a convicted parole violator, "the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted . . . "). It is the duration of the maximum sentence that controls, not the actual maximum sentence date. *Commonwealth ex rel. Banks v. Cain*, 28 A.2d 897, 901 (Pa. 1942). Here, the Board ascertained that Crawford

7

had 584 days remaining on his original sentence. C.R. at 168 & 170; *see supra* note 5. The Board imposed 584 days when it recommitted Crawford as a convicted parole violator, and, therefore, the Board did not exceed its authority, or impose backtime in excess of the duration Crawford owed, when it recalculated his maximum sentence date to January 30, 2020.[8] C.R. at 174. Therefore, Crawford's argument lacks merit.

Accordingly, we grant Counsel's motion to withdraw and affirm the Board's order recalculating Crawford's maximum sentence date.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[8] Additionally, it appears that the maximum sentence date Crawford challenges has lapsed, and, therefore, this appeal may be moot. *See Taylor v. Pa. Bd. of Prob. & Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000) ("the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot" and "[i]t is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief"). We cannot, however, ascertain whether the resolution of the third criminal complaint filed on August 31, 2018, *see supra* note 1, had any bearing on Crawford's maximum sentence date. Therefore, our review is limited to the Board's March 25, 2019 order recalculating Crawford's maximum sentence date to January 30, 2020, based on the certified record before us.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy A. Crawford, Jr.,     :
          Petitioner     :
     :
     v.     :
     :
Pennsylvania Board of     :
Probation and Parole,     :   No. 433 C.D. 2019
          Respondent     :

## O R D E R

AND NOW, this 20th day of April, 2020, the Motion to Withdraw as Counsel filed by Joshua M. Yohe, Esquire, is GRANTED, and the March 25, 2019 order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge