IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicholas Corcoran,                 :
                Petitioner        :
                                 :
       v.                        :
                                 :
Pennsylvania Parole Board,      :    No. 927 C.D. 2021
                Respondent     :    Submitted: February 11, 2022


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: August 4, 2022


       Nicholas Corcoran (Corcoran) petitions for review from the August 4, 2021 order of the Pennsylvania Parole Board (Board), which denied his Request for Administrative Relief (RAR) challenging the recalculation of his parole violation maximum sentence date. Corcoran is represented by Victoria Hermann, Esquire (Counsel),[1] who asserts that the appeal is without merit and seeks permission to withdraw as counsel. For the following reasons, we grant Counsel's Motion to Withdraw as Counsel (Motion to Withdraw) and affirm the Board's order.

---

[1] On August 27, 2021, this Court appointed the Public Defender of Forest County to represent Corcoran, and, on September 27, 2021, Counsel entered her appearance in this matter. *See* Cmwlth. Ct. Docket.

## I. Background

On March 23, 2016, the Court of Common Pleas of Crawford County revoked Corcoran's probationary term for driving under the influence of alcohol – highest impairment (DUI) and sentenced him to 4 months, 15 days to 4 years, 9 months in a state correctional institution (SCI).[2] *See* Certified Record (C.R.) at 1-2. His maximum sentence date at that time was November 18, 2019. *See id.* at 2. On January 27, 2017, the Board paroled Corcoran to an Ohio state detainer.[3] *See id.* at 7-8. The conditions governing Corcoran's parole cautioned that he may be detained by the Board should he be arrested on new criminal charges, and that he may be recommitted to serve the remainder of his original sentence should he be convicted of a crime while on parole. *See id.* at 8 (Parole Condition No. 7).

On June 1, 2018, the Board issued a detainer warrant for Corcoran on the basis of four new DUI-related arrests between October 2017 and the end of May 2018.[4] *See* C.R. at 14. On June 12, 2018, Corcoran waived his right to counsel and a detention hearing. *See id.* at 17. Thereafter, the Board issued orders on July 17, 2018, and July 11, 2019,[5] detaining Corcoran pending disposition of the new criminal charges. *See id.* at 46-47. The Board cancelled its June 1, 2018 warrant on

---

[2] Corcoran also received probation for possession of drug paraphernalia and pled guilty to driving without a license. *See* C.R. at 3.

[3] Corcoran had been subject to an outstanding detainer warrant in Ohio based on his unauthorized use of a motor vehicle. *See* C.R. at 3.

[4] These arrests included: (1) an October 26, 2017, arrest in Cortland, Ohio, for DUI and a traffic lane change violation; (2) a January 15, 2018, DUI arrest in Milton Township, Ohio; (3) a May 15, 2018, arrest in Bazetta, Ohio, for DUI, driving with a suspended license, and an open container violation; and (4) a May 30, 2018, arrest in Jamestown, Pennsylvania, for DUI, driving with a suspended license, and a no rear lights violation. *See* C.R. at 18-24.

[5] This order was amended on October 15, 2019, to correct a typographical error. *See* C.R. at 54.

November 18, 2019, at the expiration of Corcoran's original maximum sentence date, and thereafter declared Corcoran delinquent for control purposes due to the outstanding criminal charges. *See id.* at 57-58.

On August 24, 2020, the Board issued a detainer warrant for Corcoran, indicating that although Corcoran's maximum sentence date had passed, the date was being extended due his new convictions. *See* C.R. at 59, 106. Corcoran was incarcerated that same day. *See id.* at 99. The Board then scheduled a revocation hearing based on Corcoran's new criminal convictions for DUI in Cortland, Ohio,[6] and Milton Township, Ohio.[7] *See id.* at 60.[8] Corcoran waived his right to counsel and a revocation hearing, and he admitted to the two new DUI convictions. *See id.* at 62.

By decision mailed on September 10, 2020,[9] the Board recommitted Corcoran to serve 12 months' backtime as a convicted parole violator (CPV) based on his new DUI convictions. *See* C.R. at 118-21. The Board did not award Corcoran credit for the time he spent at liberty on parole because he "COMMITTED A NEW CONVICTION THAT IS THE SAME OR SIMILAR TO THE ORIGINAL OFFENSE . . . ." *Id.* at 121. As a result, the Board ordered Corcoran recommitted

---

[6] Corcoran pled guilty to the Cortland DUI charge on April 29, 2020, and he was sentenced to 180 days in jail, with 170 days suspended. *See* C.R. at 65, 72-73. He was given 2 days of credit for time served and served 18 days on electronic monitoring, in lieu of serving the remaining 8 days of his sentence in jail. *See id.*

[7] Corcoran pled guilty to the Milton Township DUI charge on August 5, 2020, and he was sentenced to 180 days in county jail, with 177 days suspended. *See* C.R. at 67, 88.

[8] The Board's Notice of Charges and Hearing does not address the status of the Pennsylvania charges.

[9] The Board originally recorded this decision on September 10, 2020 and mailed it on October 16, 2020. The Board later reissued the same decision with a November 13, 2020 mailing date. *See* C.R. at 118-21.

and recalculated his parole violation maximum sentence date to December 27, 2021. *See id.* at 116, 119 & 121.

Corcoran forwarded his RAR to the Board on January 21, 2021.[10] *See* C.R. at 127-32. In the RAR, Corcoran challenged the Board's recalculation of his maximum sentence date as December 27, 2021, claiming that the Board lacked the authority to recalculate and extend his maximum sentence date beyond the original judicially imposed date.[11] *See id.* at 129. By decision mailed on August 4, 2021, the Board denied the RAR. *See* C.R. at 137-39.[12] The Board explained that when Corcoran was paroled on January 27, 2017, 1,025 days remained on his original sentence and that, because he was not granted credit for the time he spent at liberty on parole, this amount of outstanding time remained to be served. *See id.* The Board explained that Corcoran posted bail after his October 30, 2017 and January 17, 2018 arrests in Ohio. *See id.* at 138. It was not until June 1, 2018, that the Board lodged its detainer warrant and Corcoran was incarcerated in an SCI pending the outcome

---

[10] Corcoran did not date the RAR, but his correspondence to the Board enclosing it was postmarked January 21, 2021. *See* C.R. at 136.

[11] While Corcoran attached copies of three inmate requests he had previously submitted to prison staff members on September 20, 2020, September 24, 2020, and November 10, 2020, *see id.* at 133-35, the RAR did not state any specific Board decision Corcoran sought to appeal. *See* C.R. at 127-32. Instead, on the portion of the RAR where inmates are directed to input information contained on the Green Sheet that corresponds to the decision the inmates seek to appeal, Corcoran explained: "I never received a copy of the Green Sheet. One was [r]ead to me by Parole Agent Zimmer but a physical copy was never delivered to me." C.R. at 127; *see also* C.R. at 126. A "Green sheet" is a "slang term for the decision of the Board on a parole release or revocation matter that is based upon the color of the paper used by the Parole Board in issuing the decision to the offender or to the offender's attorney." *Salvaggi v. Pa. Bd. of Prob. & Parole*, 241 A.3d 688 (Pa. Cmwlth. 2020) (quoting 12 TIMOTHY P. WILE, PENNSYLVANIA LAW OF PROBATION AND PAROLE, Appendix I (3d ed. 2010)).

[12] The Board determined that Corcoran's RAR was timely because its underlying decision was mailed to SCI-Greene, but Corcoran had been transferred to SCI-Forest. *See* C.R. at 137.

of his new criminal charges. *See id.* He remained incarcerated on the Board's warrant until November 18, 2019, when he reached his original maximum sentence date. *See id.* Corcoran was convicted on the new charges in Ohio on April 29, 2020, and August 5, 2020. *See id.* As a result, on August 24, 2020, the Board relodged its detainer warrant for revocation proceedings, and Corcoran was returned to its custody and incarcerated in an SCI that same day. *See id.*

The Board explained that it credited Corcoran 535 days for the time he spent incarcerated solely on the Board's warrant from June 1, 2018, through November 18, 2019. *See* C.R. at 138. This left 490 days remaining to be served on his original sentence. Corcoran became available to commence service of his original sentence when the Board relodged its detainer and he returned to the Board's custody on August 24, 2020.[13] *See id.* Thus, the Board added 490 days to that date, which yielded a recalculated maximum sentence date of December 27, 2021. *See id.*

On August 17, 2021, Corcoran filed a *pro se* petition for review in this Court challenging the Board's recalculation of his maximum sentence date and claiming that, by extending his maximum sentence date to December 27, 2021, the Board had illegally altered his judicially imposed sentence. Counsel responded with a letter to Corcoran explaining that, based on her review of the record and assessment of his claims, she had concluded that his appeal lacked merit. As such, Counsel filed the Motion to Withdraw.

---

[13] Corcoran completed his Ohio sentences prior to his return to the Board's custody. *See* C.R. at 138.

## II. Discussion

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if counsel satisfies the following requirements: (i) she must notify the petitioner of the request to withdraw; (ii) she must furnish the petitioner with a copy of a no-merit letter; and (iii) she must advise the petitioner of his right to retain new counsel and to raise any new points he might deem worthy of consideration. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013) (citing *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009)). The no-merit letter must detail: (i) the nature and extent of the counsel's review; (ii) each issue the petitioner wished to have raised; and (iii) counsel's explanation as to why those issues are meritless. *Miskovitch*, 77 A.3d at 69 (citing *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988)); *Hughes*, 977 A.2d at 26). A no-merit letter must include "substantial reasons for concluding that" a petitioner's arguments are without merit. *Zerby v. Shanon*, 964 A.2d 956, 962 (Pa. Cmwlth. 2009). Once appointed counsel fully complies with these requirements to withdraw, the Court independently reviews the merits of the petitioner's claims. *Id.* at 960.

Here, Counsel met the technical requirements to withdraw. In her no-merit letter, Counsel analyzed Corcoran's claim and explained why it lacked merit. *See* Counsel's Correspondence dated September 27, 2021 at 1-2. Counsel also served a copy of the no-merit letter on Corcoran and filed proof of service thereof with this Court on October 6, 2021. Counsel also filed proof of service with this Court certifying that she served Corcoran with a copy of this Court's October 4, 2021 order, which gave Corcoran 30 days to either obtain substitute counsel at his own expense and have new counsel enter an appearance and file a brief, or to file a

6

brief on his own behalf. On October 29, 2021, Corcoran filed a brief on his own behalf. The Board also timely filed a brief.

Having determined that Counsel has complied with the technical requirements for withdrawal, we turn to our independent review of the merits. In his brief to this Court, Corcoran again claims that the Board illegally extended his original judicially imposed sentence. *See* Corcoran's Br. at 1-3. The Board responds that its recalculation of Corcoran's maximum sentence date did not improperly alter Corcoran's original judicially imposed sentence, but instead merely required that he serve the time remaining on his sentence, *i.e.*, backtime, due his parole violations and the revocation of his parole. *See* Board's Br. at 7-8.

As noted by Counsel in her no-merit letter, any argument that the Board lacks the authority to alter a judicially imposed sentence is without merit. Section 6138(a)(1) of the Prisons and Parole Code[14] (Parole Code) allows the Board to recommit parolees who commit, and are ultimately convicted of, crimes punishable by imprisonment while on parole. *See* 61 Pa.C.S. § 6138(a)(1).[15] Section 6138(a)(2), (2.1) of the Parole Code further provides, as follows:

> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

---

[14] 61 Pa.C.S. §§ 101-7301.

[15] Section 6138 of the Parole Code was amended by the Act of June 30, 2021, P.L. 260, effective immediately. Although the Board's August 4, 2021 decision was issued after the amendment's effective date, we nevertheless cite to the prior version of the statute given the November 13, 2020 mailing date of the Board's recommitment decision in this case. We note that the substance of the pertinent statutory sections both prior to and after the amendments is the same.

> (2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, [absent certain exceptions not applicable herein].

61 Pa.C.S. § 6138(a)(2), (2.1). Thus, upon Corcoran's recommitment as a CPV, the Board was authorized to recalculate the maximum date of his original sentence.

Further, it is well settled that, when recalculating the sentence of a CPV, the Board does not encroach upon judicial powers, but merely requires the parole violator to serve his entire sentence under the authority granted by the General Assembly. *Young v. Bd. of Prob. & Parole*, 409 A.2d 843, 848 (Pa. 1979) (explaining that the Board's recalculation of a CPV's sentence "is not an encroachment upon the judicial sentencing power"); *see also Ruffin v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 2038 C.D. 2016, filed July 13, 2017),[16] slip op. at 8-9 (citing *Young* for the proposition that "in exercising its power to recommit a parolee beyond the maximum date set by a sentencing court without allowing for credit for time spent at liberty on parole, the Board is not engaging in an unconstitutional usurpation of judicial power but rather is operating under the express authority granted to it by the General Assembly").

Here, the Board did not unlawfully alter Corcoran's original judicially imposed sentence, but instead simply required him to serve the remainder of that original sentence. Upon his parole on January 27, 2017, 1,025 days remained on Corcoran's original sentence. After serving the sentences received on two out-of-state DUI convictions, Corcoran was returned to the Board's custody on August 24, 2020. The Board then recommitted Corcoran as a CPV and, in its discretion,

---

[16] Section 414(a) of this Court's Internal Operating Procedures provides that an unreported decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent. *See* 210 Pa. Code § 69.414(a).

8

declined to award him credit for the time he spent at liberty on parole.[17] The Board's recommitment order did, however, apply 535 days of backtime credit to Corcoran's original sentence, thus reducing his time owed to 490 days. The Board then correctly added the remaining outstanding 490 days to his August 24, 2020 custody return date, arriving at a new maximum sentence date of December 27, 2021. This recalculation was correct and permitted by law. *See Young*, 409 A.2d at 848. As such, Corcoran's claim that the Board was without authority to recalculate his original judicially imposed maximum sentence date lacks merit.

Finally, despite requesting that this Court order the Board to recalculate his maximum sentence date, Corcoran raises no specific claim regarding the Board's recalculation in his petition for review. Instead, Corcoran premises his claim on his previous argument that the Board lacked authority to alter his original judicially imposed maximum sentence date. As we have explained above, the Board did not err in recalculating Corcoran's maximum sentence date.[18]

---

[17] Corcoran did not challenge the Board's decision to deny him credit for the time he spent at liberty on parole.

[18] Additionally, Corcoran asserts that he never received credit for the 28 days he spent in an inpatient rehabilitation facility in 2017. Further, he claims he was not released (as the Board claims) when he reached his original maximum sentence date of November 18, 2019. Instead, Corcoran notes that he remained incarcerated until January 27, 2020, when he was released to an Ohio detainer. As such, he claims that he should also be credited for that time. We disagree. First, Corcoran points to no evidence of record that supports these claims. Second, he did not seek credit for either period of confinement in his appeal to the Board. *See* Corcoran' Administrative Appeal, C.R. at 126-31. "[I]ssues not raised by a CPV before the [B]oard in an administrative appeal are waived for purposes of appellate review by this [C]ourt." *Mesko v. Pa. Bd. of Prob. & Parole*, 245 A.3d 1174, 1179-80 (Pa. Cmwlth. 2021) (quoting *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993)). These issues are therefore waived and will not be considered.

### III. Conclusion

Accordingly, we grant Counsel's Motion to Withdraw and affirm the Board's order recalculating Corcoran's maximum sentence date.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicholas Corcoran,                      :
                Petitioner       :
                                      :
        v.                        :
                                      :
Pennsylvania Parole Board,      :    No. 927 C.D. 2021
               Respondent    :

## O R D E R

AND NOW, this 4th day of August, 2022, the Motion to Withdraw as Counsel filed by Victoria Hermann, Esquire is GRANTED, and the August 4, 2021 order of the Pennsylvania Parole Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge